**K. Gus UOTINEN**

v.

**Richard HALL, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 5, 1994.
Decided Feb. 15, 1994.

K. Gus Uotinen, pro se.

Joseph R. Hunt, Brewer, Julio DeSanctis, Orrington, John Lucy, Bangor, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Plaintiff K. Gus Uotinen appeals from a judgment of the Superior Court (Piscataquis County, *Browne, J.*) dismissing his complaint alleging legal malpractice by defendants Richard Hall, Julio DeSanctis, and Joseph Hunt. Uotinen, who appeared *pro se*, contends that the court erred in holding him to the same standards required of an attorney and in striking his pleadings. We find that the complaint, as supplemented, states a claim on which relief can be granted and therefore vacate the dismissal with respect to defendants DeSanctis and Hunt. Finding no error in the dismissal of the claim against

defendant Hall, however, we affirm that part of the judgment.

Uotinen filed suit on September 1, 1992. The complaint was served on defendants DeSanctis and Hunt but not on defendant Hall. None of the defendants were served with a summons as required by Maine Rule of Civil Procedure 4. DeSanctis and Hunt moved to dismiss for insufficient service of process under Rule 4 and for filing an incoherent complaint. After a hearing, the Superior Court found that Uotinen had commenced his action by filing the complaint pursuant to Rule 3(2), and ordered him to file timely returns of service. The court stated that it did not reach the motions regarding the contents of the complaint, but "recommend[ed] that Plaintiff review Rule 8(a) and (e) and Rule 10(b) M.R.C.P." Uotinen served a summons and a more definite statement of claim [1] on Hall on November 24; the complaint, however, was not served. Uotinen served summonses and the more definite statement of claim on DeSanctis and Hunt on December 1. The returns of service were filed. Hall moved to dismiss for insufficient service of process, and all defendants moved to strike Uotinen's pleadings as incomprehensible. Following a second hearing, the court granted Hall's motion to dismiss and all defendants' motions to strike and dismissed the entire action.

■ Uotinen argues that the Superior Court erred in dismissing his complaint. Hall counters that the complaint against him was properly dismissed for insufficient service of process. Uotinen admits that he never served the original complaint on Hall.[2] Uotinen's response is that he should not be held to the same standards as an attorney. We have repeatedly held that *pro se* parties are subject to the same standards as represented parties. *E.g., Gurschick v. Clark,* 511 A.2d 36, 36 (Me.1986). This is particularly true in areas so fundamental as the service of process and the statement of a claim. The Superior Court properly dismissed the claim against Hall. *See* M.R.Civ.P. 12(b)(5); *Fries v. Carpenter,* 567 A.2d 437, 439 (Me.1989).

■ Dismissal of the claim against the other defendants, however, was not proper. Hunt and DeSanctis argue that the court properly struck Uotinen's pleadings.[3] They first contend that the pleadings are incomprehensible. The complaint is captioned "Complaint Professional or Legal Malpractice" and identifies the underlying cases in which the alleged malpractice occurred as CV–84–16 and CV–84–20 in the Piscataquis County Superior Court. The more definite statement indicates that the alleged malpractice consisted of defendants' oversight of court orders, failure to contact expert witnesses, failure to oppose a motion for summary judgment, and failure to depose a witness. Uotinen's pleadings, although not a model of clarity, adequately put defendants on notice of the claim against them. *See* M.R.Civ.P. 8(a). *See also Casco Bank & Trust Co. v. Rush,* 348 A.2d 239, 241 (Me. 1975) (only a "rather generalized statement" is required); 1 Field, McKusick & Wroth, *Maine Civil Practice* 192–193 (2d ed. 1970). Another basis for the motions to strike was that the complaint did not consist of separate numbered paragraphs as required by Rule 10(b). Rule 1 requires that the Rules of Civil Procedure "be construed to secure the just ... determination of every action." M.R.Civ.P. 1. Particularly where, as here, the defendants are put on notice of the claim against them, the failure to separately number paragraphs is an insufficient ground to justify dismissal. *See International Tag & Salesbook Co. v. American Salesbook Co.,* 6 F.R.D. 45, 47 (S.D.N.Y.1943) (interpreting federal rules). The court erred in striking

---

1. Uotinen also filed a pleading that was captioned "Second More Definite Statement of Professional or Legal Malpractice. *Draft* of Claim." (Emphasis added). Uotinen stated that this draft was "only proposed for the judge to view as to form and content." We therefore ignore that pleading in considering the appeal.

2. Uotinen hand-delivered the complaint to Hall months prior to service of the summons. That,

however, was not proper *service* of the complaint. *See* M.R.Civ.P. 4(d).

3. Although DeSanctis and Hunt argue that they moved to dismiss for insufficient service of process, those motions had earlier been denied by the Superior Court. The motions leading to dismissal were based solely on Uotinen's asserted failure to comply with Rules 8 and 10.

Uotinen's pleadings. We vacate the dismissal of Uotinen's complaint with respect to defendants DeSanctis and Hunt.

 Uotinen also argues that the Superior Court should have entered default judgment for him on the basis that defendants did not timely answer the complaint. DeSanctis and Hunt were served on December 1, 1992. As discussed above, Hall was never properly served. DeSanctis and Hunt moved to strike Uotinen's pleadings on December 17 and 18, respectively. These motions were timely, and therefore the time to answer was tolled. M.R.Civ.P. 12(a). Accordingly, the Superior Court properly refused to enter a default judgment against defendants.

The entry is:

Judgment affirmed with respect to defendant Hall; judgment vacated with respect to defendants DeSanctis and Hunt.

All concurring.