**Robert DUFORT, et al.**

v.

**Norman BANGS.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 8, 1994.

Decided June 29, 1994.

Gene Libby, Michael W. MacLeod–Ball, Verrill & Dana, Kennebunk, for plaintiff.

Norman Bangs, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

PER CURIAM.

Defendant Norman Bangs appeals from the judgment of the Superior Court (York County, *Saufley, J.*) ordering foreclosure and judgment of sale on a real estate mortgage he granted to plaintiffs Robert and Meredith Dufort. He contends that the court erred in denying his counterclaims that asserted a mutual mistake of fact as the basis for the right to rescind or set-off. In addition he contests the award of attorney fees to plaintiffs on the foreclosure action.

The evidence may be summarized as follows: Defendant agreed to purchase an undeveloped lot from plaintiffs, conditioning the sale on a soil test and owner financing. Before drawing up the purchase and sales agreement, defendant checked with the town code enforcement officer who stated that the lot was buildable. After a deed and mortgage were exchanged, defendant applied for a building permit and a variance, which were denied based on the zoning board's erroneous belief that the lot violated the zoning ordinance. He refused to pursue a Rule 80B appeal to the Superior Court, and stopped making payments on his mortgage note to plaintiffs. Plaintiffs presented an appeal on defendant's behalf, and the Superior Court reversed the zoning board's decision.

Subsequently, plaintiffs filed this foreclosure action because defendant had made only six monthly payments on the mortgage note and refused to resume payments even after the Superior Court ruled that the lot was buildable. In the present action, the court ruled in favor of plaintiffs on all counts, including the counterclaims, and awarded them reasonable attorney fees in connection with the foreclosure. Defendant appeals.

 Defendant argues that a mutual mistake of material fact should have been found because both parties assumed the lot was buildable and whether it was buildable must be determined as of the time defendant applied for a building permit, not as of the time of the sale. His argument is contrary to well-settled law that a mutual mistake of fact must relate to the circumstances that existed at the time the contract was formed and not subsequent developments. *Bouchard v. Blunt,* 579 A.2d 261, 263 (Me.1990). Moreover, the lot was indeed buildable. Defendant demonstrates no entitlement to rescission or setoff.

 Defendant also contends that an award of attorney fees on the foreclosure action is authorized only if the fees have actually been paid. His argument is based on 14 M.R.S.A. § 6101 (1993) pertaining to the inclusion of attorney fees in the sum due for redemption. The relevant statute, however, provides that, in an action for civil foreclosure, the court shall determine, after hearing, "whether there has been a breach of condition in the plaintiff's mortgage, [and] the amount due thereon, including reasonable attorney's fees and court costs...." 14 M.R.S.A. § 6322. The meaning of the statute is clear and defendant takes nothing from his reliance on the provision pertaining to redemption.

 Because this appeal lacks merit, plaintiffs ask us to award attorney fees and treble costs. We hold *pro se* litigants to the same standards as represented parties, *Uotinen v. Hall,* 636 A.2d 991, 992 (Me.1994), and sanction them for frivolous appeals. *Fleet Bank of Maine v. Hunnewell,* 633 A.2d 853, 854 (Me.1993). Defendant was represented by counsel at his first trial, which he lost. The court subsequently granted his *pro se* motion for a new trial, at which he presented no new information, admitted that plaintiffs were without fault, and again failed to prevail. On appeal, he persists in requesting equitable relief from plaintiffs for an error made by the zoning board. His appeal lacks merit and has unnecessarily increased the cost of litigation. *Auburn Harpswell Ass'n v. Day,* 438 A.2d 234, 239 (Me.1981). Accordingly, we award plaintiffs treble costs for this appeal in addition to the reasonable attorney fees that will be determined by the Superior Court on remand.

The entry is:

Judgment affirmed. Remanded to the Superior Court for determination of reasonable attorney fees for the appeal.

All concurring.