1997 ME 61

**Tammy Eason RICHARDS**

v.

**Lorne BRUCE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 16, 1996.
Decided April 3, 1997.

John G. Richardson, Troubh, Heisler & Piampiano, P.A., Portland, for plaintiff.

Lorne Bruce, South Casco, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Lorne Bruce appeals from the judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*, sitting by designation[1]) modifying a divorce judgment to allow Bruce's ex-wife, Tammy Eason Richards, to move from Maine to North Carolina

1. 4 M.R.S.A. § 157–C (1989).

2. 19 M.R.S.A. § 752–A(4) provides that a "written report of a guardian ad litem may be admitted as evidence in the proceeding for which the guardian was appointed only if the party seeking the admission of the report has furnished a copy

with their son, David. Finding no error, we affirm the judgment.

### Background

[¶ 2] Bruce and Richards were divorced in July of 1992. By the terms of the divorce judgment, they were awarded joint custody of their child, David, whose primary residence was with Richards. Richards remarried and, with her new husband, planned to move from Maine to North Carolina. In June of 1995, Bruce filed a motion in the Superior Court to prevent Richards from moving to North Carolina with David. After a two day hearing, the court issued an order modifying the divorce judgment and allowing Richards and David to move to North Carolina. Although the court found that David was "too young to have or express a meaningful preference" for one parent over the other, the court concluded that David "has a strong, loving relationship with both of his parents." The court ordered that David would live with Richards in North Carolina during the school year and with Bruce in Maine during the summer months. Bruce appeals from this judgment.

### Discussion

#### Notes of the Guardian ad Litem

[¶ 3] At the hearing on the modification of the divorce decree, a guardian ad litem for David, appointed by the court at the suggestion of both parties, testified as to David's best interests. Following the guardian's testimony, the court admitted the guardian's report, which had been prepared pursuant to 19 M.R.S.A. § 752–A(4) (Supp. 1996).[2] Bruce asked the court to grant him access to the notes compiled by the guardian ad litem in preparing his report. The court denied Bruce's request based on its original order appointing the guardian that provided the guardian's notes "shall be inaccessible to either party." Although the guardian's notes were not admitted in evidence, Bruce argues that his inability to review the notes denied

to all parties at least 14 days prior to the hearing. The report may not be admitted as evidence without the testimony of the guardian ad litem if a party objects to the admittance of the report at least 7 days prior to the hearing."

him information that would have revealed the prejudice of witnesses interviewed by the guardian ad litem. Because Bruce made a timely objection to the court's denial of his motion, "we review the entire record to determine whether the trial court's ruling affected a substantial right of the objecting party." *Shaw v. Bolduc,* 658 A.2d 229, 235 (Me.1995); M.R.Civ.P. 61.

[¶ 4] Bruce's argument is unavailing. The court's order appointing the guardian ad litem, approved by both Bruce and Richards, contained a specific provision denying both parties access to the guardian's notes: "It is further ordered that the Guardian ad Litem shall keep a file which, due to the guardian ad litem's quasi-judicial status, shall be inaccessible to either party."[3] In response to questioning from the court, the guardian stated that he relied on the confidentiality provision of the order appointing him to assure witnesses that they could speak candidly with him.

[¶ 5] In an effort to respond to Bruce's concerns, the court offered to review the guardian's notes *in camera* to evaluate their relevance to the hearing. Bruce objected to such a review. The court then offered to hear the guardian's testimony before ruling on the admissibility of his notes. The court gave Bruce ample opportunity to examine the guardian about the information he gathered for his report, including the potential bias of any witnesses with whom the guardian spoke. Bruce has failed to demonstrate that the trial court's refusal to allow access to the guardian's notes affected a substantial right. *Shaw,* 658 A.2d at 235.

### The Late Arrival of the Guardian Ad Litem

[¶ 6] On the first morning of the hearing, the guardian ad litem was not present in the courtroom.[4] Bruce asked the court for a recess until such time as the guardian was present in the courtroom, arguing that the guardian needed to hear the testimony of other witnesses at the proceeding before testifying himself. The guardian arrived later that afternoon and testified.

[¶ 7] The court was not obligated to recess the hearing until the guardian was present, and Bruce could not demonstrate any reason why the hearing had to be delayed until the guardian arrived. The guardian was present at the afternoon session of the hearing, and Bruce had a full opportunity to examine him. No harm resulted from the guardian's delayed arrival at the hearing.

[¶ 8] Bruce, who represented himself before the court, also argues that the court erred in holding him to the same standard as an attorney in refusing to delay the hearing because he had not subpoenaed the guardian ad litem to be present in court at a certain time. We have long recognized the principle that pro se litigants are held to the same standards as represented litigants. *Dufort v. Bangs,* 644 A.2d 6, 7 (Me.1994) (citing *Uotinen v. Hall,* 636 A.2d 991, 992 (Me.1994)). Neither civil nor criminal litigants are afforded any special consideration because of their pro se status.[5] *New England Whitewater Center, Inc. v. Department of Inland Fisheries and Wildlife,* 550 A.2d 56, 60 (Me.1988).

### Finding of Spousal Abuse

[¶ 9] Bruce contends that the court's finding that there was mutual physical and emotional abuse on the part of Bruce and Richards was based impermissibly on hearsay

---

3. The guardian ad litem serves as the court's agent for purposes of determining the best interest of the child and has "quasi-judicial immunity for acts performed within the scope of the duties of the guardian ad litem." 19 M.R.S.A. § 752–A(5) (Supp.1996). As to the role of the guardian, we have held: "The duty of a court appointed guardian ad litem of a minor child in a divorce case is to the court, and the scope of that duty lies within the parameters of the order of appointment." *Gerber v. Peters,* 584 A.2d 605, 607 (Me.1990).

4. The record reveals that the guardian had a scheduling conflict that prevented him from arriving for the hearing until the afternoon.

5. This doctrine does not prevent the court from explaining procedures to the pro se litigant. In this case, the court assisted Bruce several times by explaining certain procedures that Bruce did not understand, such as the process of admitting exhibits in evidence.

from the guardian ad litem's report. He also argues that the issue of Bruce's abuse of Richards was *res judicata* after three previous protection from abuse orders sought by Richards against Bruce were all denied.

■ [¶ 10] The court may appoint a guardian ad litem "when the court has reason for special concern as to the welfare of a minor child." 19 M.R.S.A. § 752–A(1) (Supp. 1996). The guardian serves as the court's agent and prepares a report for the court detailing his or her findings. 19 M.R.S.A. § 752–A(4) and (5). The guardian ad litem's duties can include interviewing, subpoenaing, and examining witnesses and parties, reviewing mental health and other medical records, and procuring counseling and evaluation services for the child and parents. The guardian's report offers the court a compendium of information that aids the court in determining the best interests of the child. Section 752–A(4) specifically allows the court to admit the guardian's written report as long as the parties have been provided with an opportunity to examine the report in advance of the hearing.[6] In this case, the guardian's report was properly admitted.

■ [¶ 11] Bruce's *res judicata* argument is also unavailing. The principle of *res judicata* bars relitigation of a cause of action between the same parties or their privies once a valid final judgment has been entered in an earlier suit on the same cause of action. *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me. 1982). The protection from abuse cases and the divorce judgment modification involved the same parties but not the same cause of action. *Gurski v. Culpovich*, 540 A.2d 764, 765–66 (Me.1988).

The entry is:

Judgment affirmed.

---

**6.** Although the record reflects that Bruce did not object on the basis of the guardian's failure to comply with the specific time requirements of § 752–A(4), we note that the guardian did not furnish a copy of his report to all parties at least 14 days prior to the hearing. We further note that Bruce and Richards jointly agreed to the appointment of a guardian, and the court approved the appointment on July 13, 1995, only five weeks before the August 21 hearing. The guardian completed his report on August 14, 1995, only 7 days before the hearing.