STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          CIVIL ACTION
                                        Docket No. CV-04-201

                                        *Ai̇M-̇P-1/- 1/ 22 o*


ROBERT NOWICKI,                )
                               )
                Plaintiff      )
                               )
v.                             )        OPINION: ORDER ON MOTIONS
                               )
LOCO INC., and                 )        ┌─────────────────────────┐
JOHN LOMAN                     )        │    FILED & ENTERED       │
                               )        │    SUPERIOR COURT        │
                Defendants     )        │                          │
                                        │      SEP 22 2005          │
                                        │                          │
                                        │   PENOBSCOT COUNTY       │
                                        └─────────────────────────┘

Pending before this Court is Plaintiff's Motion for Summary Judgment ("MSJ"), filed

on November 12, 2004; Defendants' Motion to Reconsider, filed on November 15, 2004;

and Defendants' Motion to File an Amended Answer and Late Counterclaim, filed on

December 16, 2004.

**A. Defendants' Motion to File an Amended Answer and Late Counterclaim**


1. *Amended Answer*

Plaintiff served the Complaint and Summons upon the Defendants on September 11,

2004, and Plaintiff claims that while Defendants had 20 days in which to file an answer,

none was submitted. M.R. Civ. P. 12(a); (Pl.'s Opp'n to Def's Mot. Amended Ans. and

Late Countercl. ¶ 2.) Defendant, John Loman, did file an Answer on September 29,

2004, although his letter did not comply with the formatting requirements found in M.R.

Civ. P. 10. While leave to amend should be freely given when justice so requires, M.R.

Civ. P. 15(a), "[l]eave to amend should not be automatic; leave to amend should be

1

granted absent a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *E.g., Doe v. Division of Youth and Family Services*, 148 F. Supp. 2d 462, 477 (D.N.J. 2001). Additionally, Rule 15's policy of favoring amendments to pleadings is "applied even more liberally to *pro se* litigants, and strict time limits ought not be insisted upon . . .." *Eldridge v. Block*, 832 F.2d 1132 (1987).[1] This approach allows *pro se* litigants to fix mistakes that are a virtual certainty without a law degree, and allows cases to be decided on the merits rather than on procedure. Here, Defendants filed a timely Answer, although the Answer met none of the formatting requirements. Defendants blame the formatting errors on their *pro se* status, and wish to now submit a properly drafted answer. While *pro se* litigants are indeed held to the same standards as represented parties regarding the Maine Rules of Civil Procedure, allowing them to amend their answer would not prejudice the Plaintiff, nor were their mistakes a result of bad faith or dilatory motive. *Uotinen v. Hall*, 636 A.2d 991, 992 (Me. 1994). Motion to file Amended Answer is granted.

### 2. *Late Counterclaim*

In general, a counterclaim shall be asserted in the responsive pleading thereto if one is required. M.R. Civ. 12(b). Defendants did not assert a counterclaim in their Answer, as required by M.R. Civ. P. 12(b). There are, however, some exceptions to Rule 12(b).

"A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by

---

[1] Defendants, *pro se* at the time the Answer was filed, are now represented by counsel.

supplemental pleading." M.R. Civ. P. 13(e). Defendant, John Loman, is asserting in the Counterclaim that, during the summer of 2004, Plaintiff assaulted the Defendant. This alleged assault took place before the pleading was served, and, therefore, Defendant may not file his counterclaim by supplemental pleading as allowed under M.R. Civ. P13(e).

According to M.R. Civ. P. 13(f), "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." M.R. Civ. P. 13(f). Due to the fact that Defendant was originally a *pro se* litigant, the failure to set up a counterclaim may be seen as excusable neglect or oversight. However, the Law Court has "repeatedly held that pro se parties are subject to the same standards as represented parties. This is particularly true in areas so fundamental as the service of process and statement of a claim." *Uotinen v. Hall*, 636 A.2d 991, 992 (Me. 1994) (citations omitted). Motion to file a late counterclaim is denied.

**B. Defendants' Motion to Reconsider**

Me. R. Civ. P. 7(c)(2)(3) requires that opposition to any motions must be filed within 21 days of the filing of the motion, or the opposition is deemed waived. On September 11, 2004, Defendants were served with the Plaintiff's Motion for Approval of Attachment and Trustee Process, along with a Proposed Order. No objection to this motion was filed by Defendants, and the Court subsequently granted the Attachment and Trustee Process on November 9, 2004.

On November 15, 2004, Defendants filed a motion requesting reconsideration of the Court's Order Approving Attachment and Trustee Process. "Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error,

omission, or new material that could not have previously been presented." M.R. Civ. P. 7(b)(5). There is no new material, nor has there been an error or omission, and, as such, the motion requesting reconsideration is denied.

## C. Plaintiff's Motion for Summary Judgment

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 14, 817 A.2d 877, 879. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue,* 1997 ME 99, ¶ 8, 694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statement of material facts and corresponding record references. *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. The court will view the evidence in light most favorable to the non-moving party. *See Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 1998 ME 210, ¶ 11, 718 A.2d 186.

Defendants, while represented by counsel, failed to file a timely opposition to Plaintiff's Motion for Summary Judgment. Plaintiff filed his Motion for Summary Judgment on November 12, 2004, and the Defendants did not file an objection until January 25, 2005. (Def.'s Opp'n to Pl.'s Mot. Summ. J. at 1.) M.R. Civ. P. 7(c)(2) demands that any party opposing a motion shall file a memorandum and any supporting affidavits in opposition no later than 21 days after the filing of the motion, unless another

time is set by the court. A party that fails to do so shall be deemed to have waived all objections to the motion. M.R. Civ. P. 7(c)(3); M.R. Civ. P. 56(h)(4). According to Defendant John Loman's Affidavit however, he never received Plaintiff's Motion for Summary Judgment. M.R. Civ. P. 5(a) states that ". . . every pleading...every written motion...shall be served upon each of the parties. . . ." Under Rule 5(d), these papers, which must be served upon the opposing party, do not require proof of service, but once the papers are filed with the court, the moving party is representing that the opposing party has been served. This court Orders the Plaintiff to produce further proof of service, as the adverse party has raised an issue of notice. M.R. Civ. P. 5(d).

## CONCLUSION

For the foregoing reasons, this Court grants the Defendants' leave to amend the Answer, denies the Defendants' Motion to file a Counterclaim, denies the Defendants' Motion to Reconsider, and Orders the Plaintiff to show proof of service regarding the Motion for Summary Judgment. Accordingly, the entry shall be:

Motion to file an Amended Answer is GRANTED. Motion to file a Late Counterclaim is DENIED. Plaintiff ORDERED to show further proof of service regarding the Motion for Summary Judgment. The Clerk may incorporate this Decision and Order into the docket by reference.

Dated: Sept. 22 , 2005

Andrew Mead
Justice, Maine Superior Court

5

ROBERT NOWICKI VS LOCO INC ET AL
UTN:AOCSsr  -2004-0102981                    CASE #:BANSC-CV-2004-00201
------------------------------------------------------------------------
ROBERT NOWICKI                                          PL
ATTY BUDD, CHARLES F.   Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401

LOCO INC                                                DEF
ATTY LOCKE, PATRICIA  Tel# (207) 794-3064
ATTY ADDR:54 MAIN STREET LINCOLN ME 04457

JOHN  W. LOMAN                                          DEF
ATTY LOCKE, PATRICIA  Tel# (207) 794-3064
ATTY ADDR:54 MAIN STREET LINCOLN ME 04457




M=More, Space = Exit:M

Select the EXIT KEY for page selection line.