STATE OF MAINE
CUMBERLAND, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-536

NORMA EVA BRETON, [1]

Plaintiff

v.

DANIEL STANTON,

Defendant

**DECISION AND JUDGMENT**

DONALD L. GARBRECHT
LAW LIBRARY

SEP 07 2007

## I. ISSUES BEFORE THE COURT

Plaintiff's motion for summary judgment and motion for temporary restraining order and preliminary injunction.

## II. PROCEDURAL HISTORY & BACKGROUND

Plaintiff Norma Breton filed a one-count complaint for nuisance against defendant Daniel Stanton asking for a permanent injunction and moves for a temporary restraining order and a preliminary injunction. Stanton filed an answer along with a motion to dismiss the complaint with prejudice. The motion to dismiss is opposed. Breton has filed a Motion for Summary Judgment accompanied by a statement of material facts (PSMF). On April 30, 2007, Stanton opposed Breton's motion for summary judgment. With permission of the court, Breton filed a late reply.

## III. DISCUSSION

### A. Motion for Summary Judgment

This court will grant a motion for summary judgment when no genuine issue of material facts exists and any party is entitled to judgment as a matter of law. *Gagnon's*

---

[1] Originally, Sebago Lake Shores Property Owner's Association was also a plaintiff when this action was commenced. The association voluntarily dismissed its claims in February 2007.

*Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R. Civ. P. 56(c). When "determining whether to grant or deny a motion for a summary judgment, the trial court is to consider *only* the portions of the record referred to, and the material facts set forth in the [statement of material facts]." *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A. 2d 933, 938 (internal quotations omitted) (citations omitted). Facts that are not properly controverted shall be deemed admitted. M.R. Civ. P. 56(h)(4). Finally, the court gives the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22. In his objection to Breton's motion for summary judgment, Stanton failed to respond to the PSMF or otherwise controvert those facts and, therefore, the PSMF are deemed admitted. The burden or responsibility is upon the party opposing summary judgment to properly respond. The court is not required to search the record to find factual points to defeat the moving party's motion. M.R.Civ.P. 56(h)(4). A party who is pro se is held to the same standard as any other party. *Richards v. Bruce*, 1997 ME 61, ¶ 8, 691 A.2d 1223, 1225 ("Neither civil nor criminal litigants are afforded any special consideration because of their pro se status.") (internal citations omitted).

**B. Nuisance**

"The obstructing or encumbering by fences, buildings or otherwise of highways, private ways, streets, alleys, commons," is considered a public nuisance. 17 M.R.S.A. § 2802 (2006). Any person who is harmed by a nuisance may bring an action for damages. 17 M.R.S.A. § 2701 (2006).

Harmony Road is a private road used by Breton to access her property. PSMF ¶¶ 3, 6. Stanton has obstructed Harmony Road with rocks, lumber and equipment. PSMF ¶¶ 11, 14. Breton has been harmed by her inability to access her property with motor

vehicles as a result of Stanton's obstruction of the road. PSMF ¶ 15. Stanton has therefore committed a public nuisance and Breton is entitled to damages.

## C. Injunctive Relief

In order to obtain a permanent injunction, a party must demonstrate the following four criteria:

1. That plaintiff will suffer irreparable injury if the injunction is not granted,

2. that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant,

3. that plaintiff has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility),

4. that the public interest will not be adversely affected by granting the injunction.

*Bangor Historic Track, Inc. v. Department of Agriculture*, 2003 ME 140 ¶¶ 9 and 10, 837 A.2d 129, 132-133, citing therein, *Ingraham v. University of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982). "For a permanent injunction, the criterion from *Ingraham* regarding the merits is more accurately expressed as 'the plaintiff succeeds on the merits.' " *Fitzpatrick v. Town of Falmouth, et al.*, 2005 ME 97, ¶ 18; 879 A.2d 21, 27.

Breton is harmed by Stanton's obstruction because she is unable to access her property by motor vehicle. This harm is irreparable because damages are insufficient to remedy the harm and grant Breton access to her property or recompense her for not being able to access her property. There is no harm to Stanton if the injunction is issued because he has no right to carry on a nuisance and impede Harmony Road. Breton has succeeded on the merits of her case and she is entitled to summary judgment. There is no adverse affect on the public interest in enjoining Stanton from perpetrating a nuisance and returning harmony to Harmony Road. Breton has demonstrated that she is entitled to injunctive relief.

## IV. DECISION AND JUDGMENT

The clerk will make the following entry as the Decision and Judgment of the court:

**A.** Plaintiff's Motion for Summary Judgment is granted.

**B.** It is further Ordered that the defendant shall forthwith and without delay remove any and all obstructions in said way.

**C.** It is further Ordered that the defendant shall forthwith and without delay restore and return Harmony Road to the condition it was in prior to placement of any obstructions.

**D.** The defendant Daniel Stanton and any agent, servant or employee acting with him, or at his direct or indirect instruction, is permanently enjoined against further obstructing Harmony Road in any manner or by any means, or otherwise interfering with the rights of the plaintiff or her guests or invitees to the use of Harmony Road.

**E.** If the plaintiff continues in her claim for damages, she shall notify the court of that fact within 14 days of the day of this judgment and within 30 days of this date file with the court a statement of damages with a brief statement in the nature of an offer of proof as to each claim. The case will then be set for a hearing on damages at the next available trial session of the court.

**F.** The defendant may be heard and may present evidence at any hearing on damages.

SO ORDERED.

Dated: _June 28, 2007_

Thomas E. Delahanty II
Justice, Superior Court

OF COURTS
erland County
). Box 287
Maine 04112-0287

CHRISTOPHER DINAN ESQ
ZACHARY GREENFIELD ESQ
ERICA JOHANSON ESQ
MONAGHAN LEAHY
PO BOX 7046
PORTLAND ME 04112-7046

COURTS
nd County
ox 287
ie 04112-0287

DANIEL STANTON
12 HARMONY RD
CASCO ME 04015