STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           DOCKET NO. CV-10-110
                                        KMC-PEN-9/30 2011


JOHN L. GERLOCK

V.

WILLIAM G. OSGOOD


### DECISION AND ORDER

This matter was tried to the Court, jury waived, on September 28, 2011. Attorney Robert Granger, Esq., represented plaintiff and defendant represented himself.

At the outset of the trial, Mr. Osgood was advised that under Maine law, a party representing himself would be held to the same standard as represented litigants. *Richards v. Bruce*, 1997 ME 61, ¶7, 691 A.2d 1223, 1225.

### Background

This case involved a 7 count complaint. Counts 1, 3 and 4 involved allegations of breach of contract. Count 2 alleged an equitable claim of unjust enrichment as an alternative to the contract claims. Count 5 alleged a claim of negligent misrepresentation and count 6 alleged fraud. Count 7 alleged punitive damages[1].

From the testimony and exhibits presented the Court finds the following facts. Plaintiff was an acquaintance of Betty Osgood, defendant's mother as well as his sister Deborah Holden, a/k/a Deborah Osgood. Sometime prior to 2007, plaintiff had made several loans to Betty Osgood and by May of 2008, these loans totaled 8,000. By May of 2008 the outstanding loans from Betty Osgood to John Gerlock totaled $6,500. In August of 2007, John Gerlock loaned

---

[1]  Plaintiff at trial abandoned his claim for punitive damages on any of the theories of recovery. Punitive damages are not an independent theory of recovery but rather a doctrine concerning damages to be awarded under limited circumstances. *Tuttle v Raymond*, 494 A.2d 1353, 1355 (Me. 1985),

1

Deborah Holden $25,000 (Plaintiff's Exhibit, hereinafter Pl. Ex., # 1-A) for the express purpose as stated in the loan agreement, to help her "get Bunker's Wharf Restaurant open." Mr. Gerlock testified that he was supportive of the Osgood family and his perception of their financial need as they represented it to him. He also testified that he made these loans without limitation or condition as to how the money was used.

In May of 2008, Bill Osgood, defendant herein and son of Betty Osgood, seeking to borrow $15,000, approached Mr. Gerlock. Mr. Gerlock understood Bill Osgood had a loan application pending with the SBA, which was in the process of being approved, and the Gerlock loan was needed to allow Bill Osgood to open the Bunker's Wharf Restaurant to benefit from the anticipated spring business. He was seeking the loan for 30 days.

Mr. Gerlock and Bill Osgood spoke on the phone about the terms of the proposed loan agreement. Mr. Gerlock made it clear to Bill that he would only loan Bill Osgood the $15,000 if Bill would agree to assume his mother's outstand debt to Mr. Gerlock, which was about $6,500, and his sister's debt to Mr. Gerlock of $25,000. Bill Osgood agreed to those terms and prepared an agreement that John Gerlock edited slightly. (Pl. Ex. 1) Both plaintiff and defendant signed the written agreement, with the last signature being Mr. Gerlock on May 27, 2008.

The agreement provided that John Gerlock would loan Bill Osgood $15,000 to be repaid by Bill Osgood with 5.5% interest and that Bill would agree also to repay the prior family loans in the amount of $31,212.91, plus interest, on or before July 12, 23008. In addition it was agreed that Bill Osgood would surrender specific collateral if the debt was not paid in full by July 12, 2008. Bill Osgood paid $17,000 toward the debt but refused to pay the balance referenced in the agreement and refused to surrender the collateral as identified in the loan agreement.

From the testimony and exhibits, the Court finds with respect to the collateral identified in the Loan Agreement, that Bill Osgood did not own the two snowmobiles and snowmobile trailer identified in the agreement at the time it was made. Likewise, although he had possession of the motorcycle in question, at the time of the executed Loan Agreement, title to the motorcycle listed as collateral by Bill Osgood was in Betty Osgood.

2

The Court further finds that Mr. Gerlock made a number of efforts to have Bill Osgood to repay the debt evidenced by the Loan Agreement and to surrender the collateral listed in Plaintiff's Exhibit 1. Mr. Osgood refused to repay the balance of the debt beyond the $15,000 plus $2000 in interest or to surrender the motorcycle. At some unidentified time, Bill Osgood sold the snowmobiles and snowmobile trailer, using the funds to his personal ends.

## Discussion

### Contract

While the Court is persuaded that the collateral referenced in the loan agreement between Bill Osgood and John Gerlock might have been valued at approximately $15,000, that does not alter what the parties agreed to in May of 2008. Whether a contract exists and whether a breach has occurred are all questions of fact. *Forrest Associate v. Passamaquoddy Tribe*, 2000 ME 95, ¶9, 760 A.2d 1041, 1044.

From the testimony and exhibits the Court is persuaded as a matter of fact that a contract existed between John Gerlock and Bill Osgood. The terms of that contract were clearly articulated in Plaintiff's Exhibit #1. There was no ambiguity in the Loan Agreement and even if there had been, the ambiguity would be interpreted against Bill Osgood, the drafter of the agreement. *Barrett v McDonald*, 2005 ME 43, ¶15, 870 A.2d 146, 149.

Mr. Osgood agreed to pay Mr. Gerlock $46,343.99 on July 12, 2008 plus interest at $5.5%. That is the binding agreement the parties entered into in May of 2008. By failing to fully honor that agreement, Bill Osgood has breached that agreement and John Gerlock is entitled to damages.

The testimony indicates that Bill Osgood paid Mr. Gerlock $15,000 plus $2,000 in interest. This leaves a principal balance of $31,343.99 plus interest at 5.5% from July 12, 2008. The Court finds for the Plaintiff on Count 1[2] of the complaint and awards judgment in favor of John

---

[2] The Court is treating Counts 1, 3 and 4 as a single claim for breach of contract. The claim for unjust enrichment (Count 2) is an alternative theory of recovery

3

Gerlock against Bill Osgood in the amount of $31,343.99 with agreed to interest of 5.5% per year from July 12, 2008, and costs.

## Collateral

By the specific terms of the contract drawn by the defendant, he agreed to surrender specific collateral to the plaintiff, which he has not done. The evidence indicates that part of the collateral, a Harley Davidson Road King Custom Motorcycle, VIN # 1HD1FYW116Y622407 is in Mr. Osgood's possession as of the date of the trial.

Bill Osgood has retained possession of the motorcycle collateral in clear violation of his agreement and, from the testimony, has continued to ride it as often as he can and therefore diminish or depreciate the value of the collateral. At the time of the agreement in May of 2008, the intent of the parties was that the value of the surrendered motorcycle was to be credited against the value of the outstanding debt. This has not happened because Bill Osgood has failed to abide by his agreement with John Gerlock to surrender the motorcycle when the full debt was not paid.

Nonetheless, the Court does not have authority to order that Bill Osgood turnover the motorcycle to Mr. Gerlock. That authority is vested in the District Court in connection with the enforcement of money judgments. [See 14 M.R.S. §3120 et seq. and in particular §3131.][3]

## Misrepresentations

Plaintiff seeks relief for alleged fraudulent or negligent misrepresentations. The burden of proof on the plaintiff for negligent misrepresentations (count 5) is to prove the elements of the wrong by a preponderance of evidence. The burden on the plaintiff for fraudulent misrepresentation (count 6) is to prove the elements of that wrong by the higher burden of clear and convincing

that is mooted by the Court finding an express contract that had been breached causing damages.

[3] Whether or not plaintiff may be entitled to injunctive relief in the form of a Court Order directing Bill Osgood not to ride, use or in any way damage or diminish the value of the motorcycle in question is not now before the Court.

4

evidence. *Maine Eye Care Assoc. v. Gorman*, 2006 ME 15, ¶19, 890 A.2d 707, 711

The lower burden of proof for negligent misrepresentation requires that one who in the course of business in which one has a pecuniary interest, supplies false information for guidance to others in their business transaction and causes the others to justifiable rely on that information to their detriment may be liable. *Champion v Rideout*, 568 A.2d 829, 830 (Me. 1990)

The evidence of 'false representations' was in two areas. First, there was the area of collateral. The Court was not persuaded by Mr. Gerlock's testimony that he relied on the representations of the collateral as identified in the John Gerlock and Bill Osgood Loan Agreement in entering into the loan agreement. Putting it another way, from listening to Mr. Gerlock and evaluating his demeanor, the Court is persuaded that Me. Gerlock made the $15,000 loan to Bill Osgood on the strength of the other representations in the loan agreement, not on the representation of collateral.

The second area of false representation dealt with whether Bill Osgood intended to repay the $46,343.99 at the time the Loan Agreement was entered into in May of 2008. The evidence was that at the time he repaid the $15,000 plus interest to John Gerlock in roughly July of 2008, Bill Osgood did not intend to repay Mr. Gerlock the money that had been loaned to Betty Osgood and Debbie Holden (Osgood). The allegation and argument was that Bill Osgood did not intend to repay the full debt at the time he executed the Loan Agreement in May of 2008.

The evidence was that Bill Osgood paid roughly $17,000 to John Gerlock that was more than was due on the $15,000 loaned to Bill Osgood plus interest at 5.5%. The evidence of payment of more than the original loan of $15,000 plus an additional $2,000, in the Court's view, is not persuasive that the statements made in the Loan Agreement in May of 2008, by Bill Osgood that he would repay $46,343.99 were false statements at the time they were made and relied on by John Gerlock.

On Count 5 and 6, plaintiff has failed in his burden of proof. The Court finds for the defendant Bill Osgood on Counts 5 and 6 dealing with misrepresentations.

5

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a) M.R.Civ.P.

September 30, 2011

Kevin M. Cuddy
Justice, Superior Court

ENTERED ON COURT DOCKET ON: OCTOBER 7,2011

6