STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. CV-11-0182

BETH ANN DAVIS,

Plaintiff,

v.

**ORDER**

PRINCETON PROPERTIES/"PINES".

STATE OF MAINE
Cumberland. ss, Clerk's Office

JAN 23 2012

RECEIVED

Defendants

This court has before it defendant's motion to dismiss the complaint for failure to state a claim on which relief may be granted. On April 21, 2011, plaintiff filed a ten-page complaint that consists of a hodge-podge of unnumbered averments complaining of defendant's wrongdoings, alleging, *inter alia*, "unhealthy indoor air quality, failure to maintain residential property, negligence and poor management practices of Princeton Properties Management." The defendant's motion seeks at a minimum that the court strike the complaint and order the plaintiff to file a new complaint consisting of short and concise statements in numbered paragraphs and conforming with the requirements of Rules 8(a) and 10(b) of the Maine Rules of Civil Procedure.

According to Rule 8 of the Maine Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment." M.R.Civ.P. 8(a). The Law Court has recognized that the purpose of Rule 8(a) is to provide the opposing party with "fair notice of the claim." *Polk v. Town of Lubec*, 2000 ME 152, ¶ 18, 756 A. 2d 510, 514 (quoting *E.N. Nason, Inc. v. Land-Ho Dev. Corp.*, 403 A. 2d 1173, 1177 (Me. 1979).

The complaint filed by the plaintiff contains ten pages of rambling allegations not made in numbered paragraphs as required by Rule 8(a). Many of her averments are immaterial and irrelevant. The complaint also mixes up bases for seeking relief and alleges matters relating to other people. In the interest of fair notice to the defendants, as well as judicial economy, the complaint should be dismissed without prejudice. Plaintiff may either file a new complaint pro se or through an attorney. Regardless, she must do so in accordance with Rule 8(a) of the Maine Civil Rules of Procedure. Although the court is not directing the plaintiff to file a new complaint, she will in the future be held to the same standard as she would be if she obtains counsel. Maine law is clear that a pro se party is subject to the same standards as a party represented by counsel, "particularly in areas so fundamental as . . . the statement of a claim." *Uotinen v. Hall*, 636 A. 2d 991, 992 (Me. 1994).

Accordingly, the Order and Entry shall be:

The Complaint in its entirety is hereby dismissed without prejudice due to a failure to comply with M.R.Civ.P. 8(a).

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: January 20, 2012, 2012

Joyce A. Wheeler
Superior Court Justice

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 23 2012

RECEIVED