JABAR, J.
[¶ 1] Patricia A. Turcic appeals from separate orders of the Somerset County Probate Court (Washburn, J.) removing her as personal representative of the Estate of Peter A. Turcic Sr., and appointing Attorney J. Michael Talbot as personal representative. Patricia’s brief fails to raise an intelligible or cognizable legal ar *135 gument,[1] but to the extent that her appeal seeks to vacate her removal as personal representative of the Estate, we affirm the court’s order.
[¶ 2] The following procedural history is found in the probate record. See Estate of O’Brien-Hamel, 2014 ME 75, ¶ 2, 93 A.3d 689. Peter A. Turcic Sr. died intestate on October 15, 2013. He is survived by his daughter, Patricia Turcic; and his s'on, Peter A. Turcic Jr. Patricia was appointed by the Somerset County Register of Probate as personal representative of the Estate on November 12, 2013.
[¶ 3] Melyin W. Christie and Ronald W. Christie, Patricia’s uncle and cousin, respectively, filed a petition for appointment of a guardian and conservator on behalf of Peter Jr. on July 22, 2015. They alleged that Peter Jr. suffers from schizophrenia, is.unable to care for himself, and that although he had been residing at Peter Sr.’s former home in Palmyra with Patricia, Patricia is unable to appropriately care for him. The Somerset County Probate Court (Washburn, J.) granted the Christies’ motion and appointed them conservators of Peter Jr. The Christies subsequently requested removal of Patricia as personal representative of the Estate.
[¶ 4] On April 28, 2016, the court removed Patricia as representative. Attorney J. Michael Talbot was appointed as representative of the Estate on July 20, 2016. Patricia timely appealed Attorney Talbot’s appointment. See M.R. App. P. 2(b)(3).
[¶5] “The Probate Court has broad discretion in removing or declining to remove a personal representative and its decision is reviewed for an abuse of that discretion.” Estate of Voignier, 609 A.2d 704, 707 (Me. 1992). The record demonstrates that Patricia never filed a motion for findings of fact pursuant to M.R. Civ. P. 52(a). See M.R. Prob. P, 52 (stating that M.R. Civ. P. 52 applies to Probate Court proceedings). When’ a party fails to file a Rule 52 motion for specific factual findings, we “assume that a trial court found all of the facts necessary to support its judgment.” Ehret v. Ehret, 2016 ME 43, ¶ 9, 135 A.3d 101. Because Patricia has not provided a transcript' for our review or filed a Rule 52 motion for'specific factual findings, and because we hold pro se litigants to the same standards as represented litigants, see Richards v. Bruce, 1997 ME 61, ¶ 8, 691 A.2d 1223, we affirm the court’s decision to remove Patricia as personal representative of her father’s estate.
The entry is:
Judgment affirmed.'

. Patricia also failed" to file an appendix that complies with M.R. App. P. 8. Nor did she file a transcript of the hearing held upon the motion to remove her as personal representative. See M.R. App. P. 5(a), (b)(2).