STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.                                         DOCKET NO. RE-17-35


RAM BUILT INCORPORATED,   et al.,

        Plaintiffs


        v.                              **ORDER**


BRENDA CRAIG, et al.,

        Defendants


This matter was heard on Defendant Brenda Craig's Motion to Allow Late Filing and the Plaintiffs' Motion for Summary Judgment. There was a Motion to Continue filed by Defendant Brenda Craig which was denied. The Court explained to Mr. Wells that the reason the motion was denied was that it lacked compliance with Rule 7. The Motion to Continue did not indicate that it had been served upon the opposing party, and it did not indicate whether or not the party either objected to, or consented to, the particular motion. The Court advised Mr. Wells that despite the fact that neither he nor his wife were lawyers, a rudimentary understanding of the rules is necessary to represent one in court. Further, these requirements in Rule 7 are simply common courtesy to the

1

opposing party, and to present to the Court, whether or not there actually was an objection to the motion.[1]

The Court accordingly is going to move on to the Plaintiffs' Motion for Summary Judgment as it essentially renders the Defendant Brenda Craig's Motion for Late Filing moot. The Plaintiffs filed a Motion for Summary Judgment which was properly supported by record evidence, affidavits, and complied with all of the requirements of Rule 56. Neither Defendant complied with Rule 56, which requires there to be an individualized statement responding to each statement of material facts supported by affidavits or other appropriate record evidence and not simply correspondence with the Court. Because of this lack of compliance each of the statements of material facts submitted by the Plaintiffs are deemed admitted. If assertions are not controverted by proper record citations, they are deemed admitted. M.R.Civ.P. 56(H)(4); *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 18, 864 A.2d 169. The Maine Supreme Court has long recognized the principle that pro se litigants are held to the same standards as represented litigants. *Dufort v. Bangs*, 644 A.2d 6, 7 (Me. 1994) (citing *Uotinen v. Hall*, 636 A.2d 991, 992 (Me. 1994)). Neither civil nor criminal litigants are afforded any special consideration because of their pro se status. *New England Whitewater Center, Inc. v. Department of Inland Fisheries and Wildlife*, 550 A.2d 56, 60 (Me. 1988)." *Richards v. Bruce*, 1997 ME 61, ¶ 8, 691 A.2d 1223.

---

[1]     Had there been compliance the Court may have either granted the motion or allowed telephonic participation if requested.

2

The Plaintiffs' Statement of Material Facts are admitted and the Plaintiffs' Motion for Summary Judgment is granted.

Accordingly, as to Count II, Breach of Contract by Defendants Brenda Craig and Matthew Wells, Judgment is entered for the Plaintiffs and against the Defendants, jointly and severally, in the amount of $29,629.31.

As to Count III, Prompt Payment case against Defendant, Brenda Craig, the Court awards Judgment to the Plaintiffs in the amount of $51,137.57.

As to Counts IV and Count V, Unjust Enrichment and Quantum Meruit against the Defendant, Brenda Craig, Judgment is entered for the Plaintiffs and against the Defendant, jointly and severally in the amount of $29,629.31.

The Court also notes that the Plaintiffs had requested a default judgment and order of foreclosure and sale as authorized by 10 M.R.S. §3255.

As a result of this judgment the Plaintiffs have a lien on Defendant Craig's property. 10 M.R.S. §3259. 10 M.R.S. §3259 provides the Court may authorize the sale and foreclosure of the property to which the mechanic's lien has attached upon such circumstances as are appropriate. The Court concludes that additional hearing is necessary to determine whether or not such a sale is necessary to satisfy the judgment in this matter, as well as the terms upon which the sale shall go forward.

Accordingly, the Court defers Judgment on Count I of the complaint with respect to sale and foreclosure of the Defendant Craig's home to satisfy this judgment. After a

3

period of 60 days the Plaintiffs may request an evidentiary hearing on the issue of enforcement of the lien and terms of foreclosure sale.[2]

The clerk may incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: February 13, 2018

_____
John H. O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 2/14/18

---

[2] The Court has also been provided with a letter from Matthew Wells and Brenda Craig dated January 16, 2018. Once again, this letter is non-compliant with the Maine Rules of Civil Procedure and was not served upon the opposing party. To the extent that this motion is requesting any form of relief it is denied as it is not in proper motion form, nor has been served upon the opposing party. As the Court indicated to Mr. Wells at the prior hearing, sending correspondence to the Court is not a substitute for compliance with the Maine Rules of Civil Procedure.

4