MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 88
Docket:      Pen-18-456
Argued:      May 16, 2019
Decided:     June 4, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

WILLIAM F. GALLAGHER

v.

PENOBSCOT COMMUNITY HEALTHCARE et al.

JABAR, J.

[¶1]   William F. Gallagher, M.D., appeals from the Superior Court's (Penobscot County, *A. Murray, J.*) grant of summary judgment in favor of Penobscot Community Healthcare, Robert P. Allen, M.D., Noah Nesin, M.D., Terry White, and Lori Dwyer, Esq. (collectively, PCH).  He argues that the court abused its discretion by not, on its own accord, granting him accommodations, appointing him a guardian ad litem, or ordering that his mental health be evaluated when the court "knew [or] should have known, based on the material that [he] had submitted to the [c]ourt, that he was suffering from a mental disability that significantly impaired his mental health."  We affirm the judgment.

## I. BACKGROUND

[¶2]   As established in the summary judgment record, in April 2014, Gallagher, a licensed physician, was terminated from his position as a dermatology specialist at Penobscot Community Healthcare due to numerous staff and patient complaints of rudeness, bullying, inattentiveness, and other unprofessional behavior.   Gallagher brought suit against PCH in late March 2016, alleging age discrimination, retaliation, breach of contract and various other torts, seeking, among other remedies, reinstatement to his position at Penobscot Community Healthcare.[1]   Although initially represented by two different attorneys at points throughout this case, Gallagher was proceeding without counsel as of January 2018.

[¶3]   In July 2018, PCH filed a motion for summary judgment on all of Gallagher's claims.  Gallagher requested a sixty-day extension of the deadline to file his opposition to the motion, which the court granted.  As the deadline approached, however, Gallagher filed another motion requesting a further

---

[1] Prior to this action, Gallagher filed a similar complaint in the United States District Court for the District of Maine, alleging federal age discrimination and retaliation claims as well as state law tort claims. *See Gallagher v. Penobscot Cmty. Healthcare*, No. 1:15-CV-244-DBH, 2016 U.S. Dist. LEXIS 33465 (D. Me. Mar. 15, 2016).  However, because Gallagher failed to file a claim with the Equal Employment Opportunity Commission prior to filing suit, the federal court dismissed his age discrimination and retaliation claims.  *Id.* at *7-8.  The court declined to exercise supplemental jurisdiction over the remaining state law tort claims and dismissed the entirety of Gallagher's action. *Id.* at *17-18.

extension, citing the "challenges of organization[], preparation, typing, [and] analysis [of] a vast amount of documents and audio transcripts[,] . . . compounded by an injury to [his] hip," depression, and "suicidal thought in the past," referring to November 2017. The court again granted Gallagher's request, but warned that it would be the "final continuance/extension" granted. Despite this, Gallagher again requested an extension of his deadline on October 4, 2018. The court granted the extension to "accommodate his asserted disability," but also reminded Gallagher that "compliance with the Rules of Civil Procedure [was] required."

[¶4] On October 15, 2018, Gallagher filed his opposition to PCH's motion for summary judgment. His filing included a document entitled "MEMO in Opposition to SJ" and what is denoted on the docket record as a "box of documents." Gallagher's "MEMO" did not include any statements of material fact or citations to supporting evidence. *See* M.R. Civ. P. 56(h)(2). The court, stating that "[i]t is not the [c]ourt's responsibility to sift through the box of documents filed by [Gallagher] to determine if there might be genuine issues of material fact therein," concluded that all of PCH's asserted material facts were supported by record evidence, deemed them admitted, and granted summary judgment in favor of PCH on all claims.

## II. DISCUSSION

[¶5]   At the outset, we note that the court did not err by granting summary judgment in favor of PCH on all of Gallagher's claims.  Because they were properly supported by record evidence, the court correctly deemed all of PCH's statements of material fact admitted by Gallagher because of his failure to deny them as required by Maine Rule of Civil Procedure 56(h)(2).  *See also* M.R. Civ. P. 56(h)(4); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653 ("The court is neither required nor permitted to independently search a record to find support for facts offered by a party."); *Richards v. Bruce*, 1997 ME 61, ¶ 8, 691 A.2d 1223 ("[P]ro se litigants are held to the same standards as represented litigants.").  Because a de novo review of the record reveals "no genuine issues of material fact," PCH is entitled to judgment as a matter of law on all claims.  *Berry v. Mainestream Fin.*, 2019 ME 27, ¶ 6, 202 A.3d 1195 (quotation marks omitted); *see also* M.R. Civ. P. 56(c), h(4).

[¶6]   We write further only to address Gallagher's argument that the court failed to properly accommodate his asserted disability.[2]  As we have

---

[2] Gallagher also contends that the court abused its discretion by failing to order a mental health evaluation, *see* M.R. Civ. P. 35(a), or appoint a guardian ad litem, *see* M.R. Civ. P. 17(b).  Because Gallagher raises this issue for the first time on appeal, it is not preserved.  *See Foster v. Oral Surgery Assocs., P.A.*, 2008 ME 21, ¶ 22, 940 A.2d 1102.  Regardless, because neither of the Rules cited by Gallagher is applicable to this situation, we find no merit to his contention.  *See* M.R. Civ. P. 17(b) (allowing for the appointment of a guardian ad litem for unrepresented *incompetent* persons); 35(a)

previously noted, "[a]n individual with a disability may *request* special accommodations to ensure an equal opportunity to participate in a court proceeding." *Blackhouse v. Doe*, 2011 ME 86, ¶ 8, 24 A.3d 72 (emphasis added); *see also* Me. Judicial Branch, *Policy on Access for People with Disabilities*, https://www.courts.maine.gov/maine_courts/admin/ada/policy.html; Me. Judicial Branch, *Accommodation Request Procedure*, https://www.courts. maine.gov/maine_courts/admin/ada/accommodation.html. If the judge or court official denies the requested accommodation, then a written explanation for the denial must be provided along with a copy of the Judicial Branch's grievance procedure. *See* Me. Judicial Branch, *Accommodation Request Procedure*; Me. Judicial Branch, *Grievance Procedure*, https://www.courts.maine.gov/maine_courts/admin/ada/grievance.html.

[¶7] In this case, the only "accommodations" Gallagher requested from the court were three extensions of the deadline to file his opposition to PCH's motion for summary judgment. The court granted each of his requests, extending his deadline by almost three months. The record contains no

---

(permitting a court to order a mental health evaluation upon a "*motion for good cause shown*" when mental health of a party is in controversy (emphasis added)).

indication that Gallagher requested any other accommodations at any time prior to this appeal or that the court denied any accommodation requests.

[¶8] Further, although proceeding unrepresented at the time of PCH's motion for summary judgment, Gallagher was represented between the filing of his complaint in 2016 and October 2017, and then again between late December 2017 and mid-January 2018. Neither attorney raised any issue of incompetence or the need for accommodations. *See In re Child of Mercedes D.*, 2018 ME 149, ¶ 17, 196 A.3d 888 ("[A]n attorney bears the responsibility to alert a court to his or her client's possible incompetence." (alterations and quotation marks omitted)). Accordingly, we find no error or abuse of discretion in the court's handling of Gallagher's requested accommodations.

The entry is:

Judgment affirmed.

---

Gene Sullivan Jr., Esq. (orally), Bangor, for appellant William F. Gallagher

Karen Frink Wolf, Esq., and Rachel M. Wertheimer, Esq. (orally), Verrill Dana LLP, Portland, for appellees Penobscot County Healthcare, Robert P. Allen, Noah Nesin, Terry White, and Lori Dwyer