1997 ME 164

## DEPARTMENT OF ENVIRONMENTAL PROTECTION

v.

## Charles WOODMAN et al.

Supreme Judicial Court of Maine.

Submitted on Briefs June 26, 1997.

Decided July 22, 1997.

**1296**

Andrew Ketterer, Attorney General, Margaret Bensinger McCloskey, Asst. Atty. Gen., for plaintiff.

Charles A. Woodman, Appleton, Robert M. Woodman, Meredith, NH for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Charles Woodman and Roger Woodman appeal, pro se, from the judgment entered in the Superior Court (Knox County, *Mills, J.*) finding them in violation of 38 M.R.S.A § 480–C (1989 & Supp.1996) and requiring them to perform certain remedial work on the site of the violation. The Woodmans contend that the court exceeded the bounds of its discretion when it relied on the testimony of an environmental expert engaged by the court because the expert did not visit the site of the violation, and further that the expert was biased in favor of the Department of Environmental Protection (DEP). We disagree and affirm the judgment.

[¶ 2] In the summer of 1990, without obtaining a permit pursuant to 38 M.R.S.A. § 480–C[1] from the DEP, the Woodmans used heavy equipment to create a pond by constructing an earthen berm across a stream channel on Roger Woodman's property in Appleton. After a hearing on the DEP land use citation and complaint against the Woodmans, the court, on April 28, 1994, found the Woodmans in violation of section 480–C and ordered them to restore the site to its condition prior to the construction of the dam. The Woodmans moved to alter or amend the judgment on the basis of their being "finan-

---

1. 38 M.R.S.A. § 480–C provides in pertinent part:

1. **Prohibition.** A person may not perform or cause to be performed any activity listed in subsection 2 without first obtaining a permit from the department if the activity is located in, on or over any protected natural resource or is located adjacent to and operated in such a manner that material or soil may be washed into any of the following:

A. A coastal wetland, great pond, river, stream or brook or significant wildlife habitat contained within a freshwater wetland;

. . . .

2. **Activities requiring a permit.** The following activities require a permit:

A. Dredging, bulldozing, removing or displacing soil, sand, vegetation or other materials.

cially unable to comply with the order of the court." Following a hearing on that motion, the court found that the Woodmans did not have the financial ability to comply with the April 28, 1994, order and granted their motion for relief from the judgment. The court also noted, however, that it did not have the authority to grant an after-the-fact permit for the Woodmans' pond. Consequently, the court appointed Robert Gerber as its expert to review the record, visit the site, and make recommendations to the court, *inter alia*, whether the pond should be removed and the site restored or the pond should remain and the site improved. Gerber subsequently reported to the court that in his opinion a site visit was not warranted[2] and recommended that the dam be removed and the site restored to its original condition. On August 8, 1996, the court allowed the Woodmans to examine Gerber relative to his report. The court, on August 13, 1996, amended its order of April 28, 1994, and again ordered that the dam be removed and the site restored. In response to the court's August 13, 1996, order, the Woodmans filed another motion to amend the court's judgment in which the Woodmans challenged, for the first time, Gerber's impartiality. The court denied the Woodmans' motion on September 6, 1996, and the Woodmans appeal.

[¶3] The Woodmans first contend that the court's independent consultant, Robert Gerber, was not independent because he has previously done consulting work with the DEP and because he was acquainted with the supervisor of the personnel with whom the Woodmans had been dealing. The Woodmans, however, concede that they did not object to Gerber's qualifications at or before the August 8, 1996, hearing.[3] We need not deal with the issue of Gerber's alleged bias because the Woodmans failed to preserve this argument for appeal by raising the issue before the trial court. *See Marois v. Paper Converting Machine Co.*, 539 A.2d 621, 625–26 (Me.1988) (failure to make contemporaneous objection that would appraise the court and other party of precise ground of objection thwarted effective decision-making at trial); *Justard v. Oxford Paper Co.*, 431 A.2d 1309, 1312 (Me.1981) (where grounds for objection raised for first time on appeal, Law Court does not review those grounds). Furthermore, the record contains no evidence that Gerber was biased in favor of DEP, a point which the Woodmans concede in their reply brief.

[¶4] The Woodmans contend that the court's decision to accept Gerber's report and to order the removal of the dam and pond when Gerber had not conducted a site visit was "erroneous and unprecedented." Although the court originally ordered a site visit, by accepting Gerber's report and recommendation without requiring the site visit, the court implicitly determined the site visit would not be necessary prior to final adjudication of this case. Pursuant to M.R. Civ. P. 54(b)(1), the court's order concerning the duties of the expert witness was "subject to revision at anytime before the entry of judgment adjudicating all the claims and all the rights and liabilities of the parties." *See Monopoly, Inc. v. Aldrich*, 683 A.2d 506, 509 (Me.1996). The court was under no obligation to enforce the original order and require Gerber to visit the site prior to submitting his report to the court. Further, Rule 54 does not require a motion by a party before the court may revise an order that adjudicates less than all of the claims. *Id.* at 510.

[¶5] Moreover, absent a court order to visit the site of the Woodmans' pond and dam, Gerber was under no obligation to visit the site prior to submitting his report. to the

2. Gerber reported that because little information could be gained from a site visit, its approximate cost of $1200 was unwarranted.

3. The Woodmans gain nothing by asserting that "[a]cting pro se, the appellants did not know and were not advised by the Court that immediate objection was required." It is well established that pro se litigants are held to the same standards as represented parties. *Dufort v. Bangs*, 644 A.2d 6, 7 (Me.1994); *Uotinen v. Hall*, 636 A.2d 991, 992 (Me.1994).

court. "An expert may rely on facts or data 'perceived by him or made known to him at or before the hearing.'" *Maietta v. International Harvester Co.*, 496 A.2d 286, 293 (Me. 1985) (quoting M.R.Evid. 703); *see also Milliken v. Buswell*, 313 A.2d 111, 117 (Me.1973) (expert opinion is not necessarily rendered inadmissible or incompetent because it may be based on knowledge of facts gained from hearsay sources). If the information is of a type that is commonly relied on by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. *Maietta*, 496 A.2d at 293. Gerber stated that he did not need to conduct a site review because all of the key facts and issues in this case were relatively well defined and because no significant discrepancies appeared in the record. The Woodmans do not contend that Gerber lacked a sufficient foundation for his opinion or that he relied on facts or data that are not commonly relied on by experts in his field.

[¶ 6] The record before us reflects that the trial court acted well within the bounds of its discretion in appointing an expert witness and in accepting the report and recommendations of that witness without requiring a site visit.

Judgment affirmed.

