STATE OF MAINE
CUMBERLAND, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET AP-05-084

ALLEN E. STROUT and
MARILYN STROUT,
    Appellants / Plaintiffs

v.

TOWN OF CASCO,
    Defendants

**DECISION AND JUDGMENT**
(M.R.Civ.P. 80B)

DONALD L. GARBRECHT
LAW LIBRARY

JAN 17 2007

## I. NATURE OF ACTION

This is an appeal, pursuant to M.R. Civ. P. 80B, from the Town of Casco's Zoning

Board of Appeals granting a setback variance to neighbors of the appellants.

## II. BACKGROUND

On May 26, 2005, Edward and Dianne Brazier applied for a variance to the Town

of Casco Zoning Board of Appeals ("ZBA"), seeking relief from the shoreland setback

requirements to construct a home. Pursuant to the requirements of the application, the

Braziers notified all abutters, including the petitioners Allen and Marilyn Strout. On

June 20, 2005, the ZBA convened to address the Braziers' variance request.

Marilyn Strout attended the June 20, 2005 meeting and verbally opposed the

variance request. Although the meeting minutes reflect that she stated that the Braziers

would *create* a hardship if the ZBA approved the variance, the minutes do not

demonstrate other statements purportedly made by her.[1] The ZBA ultimately

---

[1] As noted by the town's counsel, the petitioners must prepare the record and cannot refer to matters outside of the record to support their appeal. *See* M.R. Civ. P. 80B(e).

determined to postpone consideration of the variance to allow the Braziers to work with the CEO to resolve setback problems.

On September 26, 2005 the ZBA reconvened to deliberate the Braziers' variance. Marilyn Strout did not attend this meeting. The ZBA voted 4-0 in favor of granting the variance request as amended. Consequently, the petitioners appealed the ZBA's decision, filing a makeshift and somewhat confusing complaint for 80B review. The town asserts several procedural defenses including lack of standing by the Strouts, failure to name a necessary party (the Braziers) and that the record is inadequate.

## III. DISCUSSION

To have standing to appeal the ZBA's decision, the Strouts must demonstrate that they are directly or indirectly affected by the decision. *Fryeburg Water Co. v. Town of Fryeburg*, 2006 ME 31, ¶ 10, 893 A.2d 618, 622. As abutters, the Strouts "need only *allege* a potential for particularized injury to satisfy the standing requirement." *Pearson v. Town of Kennebunk*, 590 A.2d 535, 537 (Me. 1991) (internal quotations omitted) (citation omitted) (emphasis added). As a result, "an abutter need show only a relatively minor adverse consequence to establish standing." *Fryeburg Water Co.*, 2006 ME 31, ¶ 10, 893 A.2d at 622.

The petitioners' complaint does not allege any potential for particularized injury. Furthermore, neither the record nor the Strouts' briefs state how the ZBA's decision affects them.[2] Although the court could no doubt surmise on possible problems created by the construction of a new home, this court's responsibility is to adjudicate, not litigate. There is no reason why, at some point, the Strouts could not have articulated a particularized injury. The petitioners, as *pro se* litigants, are not exempted from this

---

[2] The Town points this out in their brief, but the Strouts failed to take the bait and actually state what harm they suffered or will suffer from the ZBA's decision.

requirement. *See Dep't of Envtl. Prot. v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295, 1297 n.3.

## IV. DECISION AND JUDGMENT

The clerk will make the following entry as the Decision and Judgment of the court:

- The decision of the Zoning Board of Appeals for the Town of Casco is affirmed.

SO ORDERED

Dated: _October 30, 2006_

Thomas E. Delahanty II
Justice, Superior Court

Date Filed __11-8-05__ ___CUMBERLAND___ Docket No. ___AP05-84___
County

Action ___80B Appeal___

ALLEN E STROUT
MARILYN M. STROUT

TOWN OF CASCO

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Pro Ses<br>58 Bean Road<br>Otisfield ME 04270 | Pro Se<br>Meadow Road<br>Casco ME 04015<br>　　　NATALIE BURNS ESQ<br>　　　PO BOX 4510<br>　　　PORTLAND ME 04112 |

| Date of Entry | |
|---|---|
| **2005**<br>Nov. 9 | Received 11-8-05.<br>80B Appeal with exhibits 1-5 filed. |
| "" | On 11-9-05.<br>Briefing schedule mailed.  Plaintiff's brief and record due 12-19-05. |
| Dec. 19 | Received on 12/19/05:<br>Plaintiff's Brief with attachments filed. |
| Dec. 20 | Received 12-20-05.<br>Entry of appearance of Natalie Burns Esq obo Town of Casco filed. |
| **2006**<br>Jan. 20 | Received 1-20-06.<br>Defendant, Town of Casco's, Rule 80B Brief filed. |
| Feb. 2 | Received 2-2-06.<br>Entry of Appearance of Marilyn M. Strout, Pro Se, filed. |
| "" | Plaintiff, Strout's, Rule 80B Reply Brief filed. |
| June 21 | Received 06-21-06: (Delahanty, J.).<br>"Protection" of counsel will effectively remove case from list to ber heard at June court session. The court treats it as a Motion to Continue.<br>Continuance is granted - Reschedule on next date.<br>On 06-23-06 Copies mailed to Marilyn M. Strout at 58 Bean Road, Otisfield, Maine  04270 and Natalie Burns, Esq. |
| Oct. 13 | On 10-12-06:<br>Hearing held on 80B Appeal<br>Court takes matter under Advisement.<br>Allen E. Strout pro se<br>Natalie Burns, Esq. present for Town of Casco.<br>No Record Made. |

| Date of Entry | |
|---|---|
| | Docket No. __AP-05-84__ |
| 2006 Nov 3 | Received 10-30-06: The Clerk will make teh following entry as the Decision and Judgment of the court: The decision of the Zoning Board of Appeals for the Town of Casco is Affirmed. SO ORDERED. On 11-03-06 copies mailed to Natalie Burns, Esq. and Allen and Marilyn Strout at 58 Bean Road, Otisfield, Maine 04270 Ms. Deborah Firestone, Goss Mimeograph, The Donald Garbrecht Law Library and LoisLaw.com, Inc. |