STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-11-041,
RAC - CuM - 3/8/2012

MUSE M. MOHAMUD,

Petitioner,

v.

STATE OF MAINE, MAINE
REVENUE SERVICES,

Respondent.

ORDER

STATE OF MAINE
Cumberland,ss,Clerk's Office

MAR 0 8 2012

RECEIVED

Before the court is the Respondent's motion to dismiss Petitioner's 80C appeal pursuant to M.R. Civ. P. 12(b)(1). The motion asserts that this court lacks jurisdiction to hear the appeal because the notice of appeal was filed late.

## BACKGROUND

On December 7, 2010, Muse Mohamud (Mohamud) was issued an assessment by the Maine Revenue Services (MRS). Mohamud requested reconsideration on January 6, 2011. The assessor declined the reconsideration on August 5, 2011. In the notice from MRS, Mohamud was told that he had 30 days to file an appeal with the Superior Court.

On September 6, 2011, Mohamud submitted a notice of appeal and an application to proceed without payment pursuant to M.R. Civ. P. 91(f) and 91(b). September 6 was stamped on the filings, but the date was later crossed out because the notice of appeal was incomplete. The court issued a "Notice of Incomplete Filing" on September 15, 2011. This notice indicates that as of September 12, 2011, the clerk's office had received a filing that did not include the summary sheet as required by M. R. Civ. P. 5(h). Additionally, this notice states, "[t]he attempted filing has not been docketed

1

and the filing is not effective until complete. . . . If there was a deadline for filing, that deadline has NOT changed."

Mohamud filed a complete notice of appeal, accompanied with an application to proceed without payment, on September 14, 2011. The application was granted on September 19, 2011 and the appeal was docketed on September 16, 2011. MSR now moves to dismiss the appeal because the notice of appeal was filed late.

## DISCUSSION

The court's authority to review the tax assessor's decision is granted through 36 M.R.S. § 151 (2011).[1] Under the Maine Administrative Procedure Act the petitioner has 30 days to appeal the tax assessor's decision. 5 M.R.S. § 11002 (2011) ("The petition for review shall be filed within 30 days after receipt of notice if taken by a party to the proceeding of which review is sought.") Therefore, Mohamud had 30 days to file his notice of appeal, as calculated by M.R. Civ. P. 6(a).

MRS asserts that the 30-day requirement is jurisdictional and mandatory. *See Brown v. State*, 426 A.2d 880, 888 (Me. 1981) (stating "expressly that the [Maine Administrative Procedure] Act's time limitations are jurisdictional"); *see also City of Lewiston v. Me. State Employees Ass'n*, 638 A.2d 739, 741 (Me. 1994) ("If a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal."). Mohamud does not dispute the filing deadline, but claims that the complaint was filed within the deadline on September 6, 2011.

"Filing occurs when the appeal is delivered 'to the court clerk or record custodian for placement into the official record . . . ." *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 12, 775 A.2d 363 (quoting Black's Law Dictionary 642 (7th ed. 1999)).

---

[1] "The assessor's decision on reconsideration constitutes final agency action that is subject to review by the Superior Court in accordance with the Maine Administrative Procedure Act, except that Title 5, section 11006 and 11007 do not apply." 36 M.R.S. § 151 (2011).

2

Rule 5(h) requires that 'any pleading which sets forth a claim for relief . . . shall be accompanied by a properly completed and executed Summary Sheet. . . ." M.R. Civ. P. 5(h). Since the summary sheet was not included with the September 6, 2011, filing the notice of appeal was late.[2] As Mohamud points out, it would be "a gross miscarriage of justice" to dismiss a case because the individual was unable to pay the filing fee. (Br. of Pet. 3.) Here, however, the court must dismiss the case because the Plaintiff failed to file all of the appropriate paperwork prior to the deadline, not because of his failure to pay the filing fee.

**The entry is:**

The Motion to Dismiss the Plaintiff's 80C Appeal is GRANTED.

DATE: _March 8, 2012_

Roland A. Cole
Justice, Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 08 2012

RECEIVED

---

[2] Mohamud was acting pro se while these filings took place. His attorney entered an appearance on September 26, 2011. The court may not grant him any special leeway as a pro se litigant. *See Dep't of Envtl. Prot. v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295 ("It is well established that pro se litigants are held to the same standards as represented parties.").

3

Date Filed __09-15-11__  __Cumberland__  Docket No. ____AP-11-41____

County

Action ___80C Appeal___

MUSE M. MOHAMUD                                      STATE OF MAINE MAINE REVENUE SERVICE
1390 FOREST AVENUE, #7M
PORTLAND, ME 04103

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~XXXXXXX~~<br>Jon Languet Esq<br>PO BOX 249<br>Topsham ME 04086  837-6155 | William H Laubenstein III AAG<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006 |

| Date of Entry | |
|---|---|
| 2011<br>Sept 16<br>"      " | Received September 15, 2011.<br>Complaint for 80C Appeal with Attachments filed. |