STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-152

STATE OF MAINE
Cumberland ss. Clerk's Office

NOV 0 9 2020

RECEIVED

MANSFIELD STUCKEY, JR.,

Plaintiff

v.

DANIEL KNIGHT, et al.

Defendant

ORDER ON MOTION FOR SUMMARY
JUDGMENT

The matter pending before the court is Defendant Daniel Knight's motion for summary

judgment. Officer Knight is the only remaining defendant in this case. For the following reasons,

the motion is granted.

Factual Background

The relevant facts are as follows.

On June 30, 2016, While patrolling the area of Portland Street in Portland, Maine, Officer

Daniel Knight was approached by an individual who told him that a person was selling drugs on

a nearby street. (Supp.'g S.M.F. ¶ 1.) Officer Knight identified Stuckey as a person matching the

description offered by the tipster and approached him. (Supp,'g S.M.F. ¶¶ 3-6.) The exact nature

of the interaction that followed is in dispute, but it is uncontested that Knight placed Stuckey in

handcuffs and searched his person and the surrounding area for drugs. (Supp.'g S.M.F. ¶¶ 19-

38.) Drugs were found on the scene and Stuckey was arrested for possession and sale of

scheduled drugs. *Id.* Officer Knight had no further contact with Stuckey following this arrest.

(Supp.'g S.M.F. ¶ 46.)

1

Stuckey brings this action pro se, alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2) and the Maine Civil Rights Act. He also seems to allege tort claims against the officers involved in his arrest and prosecution. He claims that the officers involved in his arrest and investigation violated his constitutional rights in a number of ways, which harmed him by causing him to be sentenced to six years in prison. (Compl. ¶¶ 1-4.) He also alleges that the conduct of the officers constituted an abuse of process. (Compl. ¶ 3.) Stuckey does not challenge his conviction. (Compl. ¶ 6.)

Procedural History

Stuckey filed his complaint against Knight on April 1, 2020. He also named MDEA agents Jonathan Stearns and Joshua McDonald as Defendants in that complaint. Defendants Stearns and McDonald filed a motion to dismiss on June 18, 2020. Knight filed his answer and affirmative defenses on June 22, 2020. Knight filed for summary judgment on September 21, 2020 and an unopposed motion to stay on the same day. The court dismissed Stuckey's claims against Stearns and McDonald on October 26, 2020.

Standard of Review

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported

by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2).

"Pro se litigants are held to the same standards are held to the same standards as represented parties." *Dep't of Envtl. Prot. v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295.

Discussion

The Maine Tort Claims Act (MTCA) bars all tort claims against governmental employees not brought within two years. 14 M.R.S. § 8110 (2020). Knight's last contact with Stuckey was on June 30, 2016. Even if Knight's involvement in the case continued, Stuckey was sentenced on July 31, 2017. His complaint was filed more than two years later, on March 26, 2020. Thus Stuckey's tort claims are barred.

Even if the statute of limitations did not bar his tort complaints, they would be barred by his failure to provide notice pursuant to the MTCA. The statute requires any person filing a tort claim against an employee of a political subdivision of the state to file written notice of the claim prior to commencing the action. 14 M.R.S. § 1807. Stuckey did not file any notice with any governmental entity. Thus, his tort claims would also be barred under this provision of the MTCA.

The bulk of Stuckey's claims are constitutional in nature. As the court pointed out in its order dismissing Stearns and McDonald from the case, when a plaintiff's constitutional claim "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Stuckey is not challenging his

3

conviction, but the harm he claims to have suffered is imprisonment. Therefore all his claims necessarily imply the invalidity of his conviction and are barred by *Heck*.

The entry is

Defendant Daniel Knight's Motion for Summary Judgment is GRANTED. The Motion to Stay is DENIED as moot.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: _____, 2020

_____
Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 11/9/2020

4

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-152

STATE OF MAINE
Cumberland, ss. Clerk's Office

OCT 2 6 2020

RECEIVED

MANSFIELD STUCKEY, JR.,

    Plaintiff

v.

DANIEL KNIGHT et. al.,

    Defendants

DECISION AND ORDER

The matter before the court is a motion to dismiss Plaintiff Mansfield Stuckey, Jr.'s, ("Stuckey") complaint. For the following reasons, the motion is granted.

Background

On June 30, 2016, Stuckey was arrested for dealing drugs by Defendant Daniel Knight ("Knight"). (Mot. Dismiss at 3.) Officer Knight had received a tip that Stuckey was dealing drugs in the area and witnessed him drop a bag that appeared to contain heroin. *Id.* After his arrest, the Maine Drug Enforcement Agency ("MDEA") identified him as suspect known as "Black Matt," who they believed to be a major supplier of heroin and cocaine base in Portland, ME. (Mot. Dismiss at 2.)

Stuckey was released on bail following his initial arrest. (Mot. Dismiss at 3.) On August 29, 2016, he was arrested again, this time by Special Agent McDonald ("McDonald") of the MDEA. *Id.* Stuckey's bail was revoked after this arrest. *Id.*

Stuckey was indicted, along with 10 alleged co-conspirators, for conspiracy to distribute and possess with intent to distribute 280 grams of crack cocaine and 1 kilogram or more of heroin in the Southern District of New York. *Id.* Stuckey negotiated a plea deal with the government that required him to plead guilty to the lesser included offense of conspiracy to

1

distribute and possess with the intent to distribute 28 grams or more of crack cocaine. *Id.* The court accepted his guilty plea and Stuckey was sentenced to six years.

Stuckey brings this action pro se, alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2) and the Maine Civil Rights Act. He claims that the officers involved in his arrest and investigation violated his constitutional rights in a number of ways, which harmed him by causing him to be sentenced to six years in prison. (Compl. ¶¶ 1-4.) He also alleges that the conduct of the officers constituted an abuse of process. (Compl. ¶ 3.) Stuckey does not challenge his conviction. (Compl. ¶ 6.)

Standard

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (*per curiam*) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Facts are read in the light most favorable to the plaintiff. *Id.* "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleading requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." *Desjardins v. Reynolds*, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted). On the other hand, "a party may not proceed[] on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the

2

elements of the cause of action." *Burns v. Architectural Doors and Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823.

"Pro se litigants are held to the same standards are held to the same standards as represented parties." *Dep't of Envtl. Prot. v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295. "This is particularly true in areas so fundamental as the service of process and the statement of a claim." *Uotinen v. Hall*, 636 A.2d 991, 992 (1994).

Analysis

Stuckey's complaint alleges many constitutional violations, but they all point to the same harm: the six year prison sentence he is currently serving. The Supreme Court has made clear that when a plaintiff's constitutional claim "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The same principle applies to abuse of process claims. *Id.* at 484.

Stuckey is not challenging his conviction. Thus, the inquiry turns on whether any of Stuckey's allegations make out a claim that would not necessarily imply the invalidity of his conviction. Stuckey raises many legal theories to allege that his rights were violated, but he clearly alleges that the harm he suffered as a result of these alleged violations is the prison sentence he is currently serving. To grant Stuckey relief on such a theory would necessarily imply the invalidity of his conviction. He has therefore failed to state a claim on which relief can be granted.

3

The entry is

The Motion to Dismiss is GRANTED.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: _____ , 2020

_____
Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 10/28/2020

4