MAINE SUPREME JUDICIAL COURT                                        Reporter of Decisions
Decision:      2020 ME 139
Docket:        Ken-20-107
Submitted
  On Briefs:   October 21, 2020
Decided:       December 22, 2020

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

DOROTHY J. LOVELL

v.

PAUL J. LOVELL JR.

CONNORS, J.

[¶1]  Dorothy Lovell appeals from a divorce judgment entered by the District Court (Augusta, *E. Walker, J.*) and contends that the court erred by permitting Paul Lovell to argue that a retirement account was marital property despite a contrary provision in an earlier divorce judgment.  Additionally, Dorothy argues that she received insufficient notice of the court's intention to reevaluate the distribution of the entire marital estate and that the court committed obvious error when it determined that part of the retirement account was marital property.  For the reasons that follow, we affirm the judgment.

## I. BACKGROUND

[¶2]  On January 9, 2019, the District Court entered an order granting the divorce of Dorothy J. Lovell and Paul J. Lovell Jr.  The order provided, in relevant part, that Dorothy would be permitted to continue living in the marital home in exchange for a payment to Paul for half its value and that a Prudential IRA valued at approximately $451,000 was nonmarital property because the initial investment in the account was made by Dorothy prior to the marriage.  The court's judgment indicated that it was based on the agreement of the parties.

[¶3]  Shortly after the judgment was entered, Dorothy filed a motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(1) because of two previously overlooked liens on the marital home.  The court granted the motion and, in its order, noted that the entire marital property distribution would be reevaluated.  After a contested hearing on June 5, 2019, in which both parties asserted positions contrary to those they had taken in the initial divorce proceeding, the court ordered that Dorothy be awarded the marital home subject to the previously unknown liens and a reduced payment to Paul and that the $372,000 increase in the value of the Prudential IRA that occurred during the course of the marriage was marital property.  Accordingly, the court

ordered Dorothy to pay Paul $186,000—the value of half of the marital portion of the IRA.

## II. DISCUSSION

### A. Judicial Estoppel

[¶4]  Dorothy first contends that the District Court erred when it determined that Paul was not judicially estopped from asserting that the Prudential IRA was marital property despite agreeing at the initial divorce hearing that it was nonmarital property.  We review a court's failure to apply the doctrine of judicial estoppel de novo.  *See In re Child of Nicholas P.,* 2019 ME 152, ¶ 12, 218 A.3d 247.

[¶5] Judicial estoppel is a doctrine that "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  Alexander, *Maine Appellate Practice* § 402(b) at 312 (5th ed. 2018) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001)).  The doctrine generally applies when

> (1) the position asserted in the subsequent legal action [is] clearly inconsistent with a previous position asserted; (2) the party in the previous action [has] successfully convinced the court to accept the inconsistent position; and (3) the party [has] gain[ed] an unfair advantage as a result of [his or her] change of position in the subsequent action.

4

*In re Child of Nicholas P.*, 2019 ME 152, ¶16, 218 A.3d 247 (quotation marks omitted). "[T]hese factors [are] neither inflexible prerequisites nor an exhaustive formula." *Me. Educ. Ass'n v. Me. Cmty. Coll. Sys. Bd. of Tr.*, 2007 ME 70, ¶ 17, 923 A.2d 914 (citation omitted) (quotation marks omitted).

[¶6]  Paul was not estopped from claiming that part of the IRA was marital property because he did not benefit from the ruling that concluded the Prudential IRA was nonmarital property.  As a result of the determination at the earlier proceeding, it was Dorothy—not Paul—who was able to receive the entirety of the $451,000 IRA.  But more directly, the doctrine of judicial estoppel has no application here because once the court granted Dorothy's 60(b)(1) motion, that judgment was subject to change and could have no estoppel effect.  The court, moreover, was required to review the entire property distribution.  *See Bagley v. Bagley*, 415 A.2d 1080, 1083 (Me. 1980) (concluding that once the court granted a Rule 60(b) motion based on an inadvertently omitted provision in a settlement agreement, it had to ensure that the resulting overall property settlement was fair and equitable and "find that the net property of the spouses was divided in such proportions as the court deem[ed] just after considering all relevant factors") (citing 19 M.R.S.A.

§ 722-A (Supp. 1979)).[1]  Hence, here, both parties were free to reargue their earlier positions on marital property distributions, which they did.

B.    Due Process

[¶7]  Dorothy argues that her due process rights were violated because the court failed to provide her adequate notice that a grant of her motion could trigger a reevaluation of the entire property distribution.  Because Dorothy did not raise this argument in the District Court, we need not address it.  *Reville v. Reville*, 370 A.2d 249, 251 (Me. 1977) ("[F]ailure to raise an issue at the trial level is in legal effect a waiver of that issue in any appeal from judgment, even if the issue pertains to an alleged violation of the Constitution of the United States.").  Even if we were to reach the merits, however, Dorothy would be unsuccessful.  Not only should she have known that her motion, if granted, would reopen the property disposition as a whole, the District Court explicitly stated in its order granting Dorothy's motion for relief from judgment that it "must examine the entire property distribution made in the original decree to ensure that it is just."  Furthermore, Dorothy presented evidence during the June 5 hearing on her motion in support of her argument for different

---

[1]  Title 19 M.R.S.A. § 722-A was repealed and replaced by P.L. 1995, ch. 694 §§ B-1, B-2, E-2 (effective Oct. 1, 1997) (codified at 19-A M.R.S. § 953 (1997)).

allocations of marital property than those outlined in the original judgment. Dorothy, therefore, was not only put on notice about the extent to which the judgment might be modified, but prepared evidence, testified on her own behalf, and vigorously argued for a different distribution of marital property.

C.     Property Distribution

[¶8]  Dorothy's final contention is that the District Court obviously erred when it determined that the increase in value of the Prudential IRA was marital property.  "Obvious error is that which deprives a party of a fair trial or otherwise treats a party unjustly."  *Adoption by Stefan S.*, 2020 ME 5, ¶ 18, 223 A.3d 468.

[¶9]  The court properly and methodically analyzed the distribution of the Prudential IRA by applying the relevant factors as required by 19-A M.R.S. § 953 (2020).  As a result, we discern no error.

The entry is:

Judgment affirmed.

---

Joe Lewis, Esq, Port City Legal, LLC, Portland, for appellant Dorothy J. Lovell

Thomas J. Nale Jr., Esq., Nale and Nale Law Offices, LLC, Waterville, for appellee Paul J. Lovell Jr.