STATE OF MAINE  
SAGADAHOC, ss.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. CV-21-11

ANGELA H. VAN DER WEF,          )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )
WOOLWICH BAKER DRIVE, LLC,      )   **ORDER ON OUTSTANDING MOTIONS**
and                             )
THE TOWN OF WOOLWICH,           )
                                )
        Defendants              )

## INTRODUCTION

There are four motions pending before the court. First, there is defendant Woolwich Baker Drive, LLC's ("Woolwich Baker Drive") Motion for Summary Judgment as to all issues in plaintiff Angela Van Der Wef's Complaint. Second, there is Woolwich Baker Drive's Motion for Partial Summary Judgment as to Count V of its Counterclaims. Third, there is defendant Woolwich Baker Drive's Motion for Judgment of Dismissal of Ms. Van Der Wef's Complaint and Default as to liability on Counterclaims I-V "pursuant to the Inherent Authority of the Court," styled as an unspecific type of "dispositive motion", but substantively seeking a discovery sanction of default.[1] Finally, there is a Motion for Final Hearing from Ms. Van Der Wef and her husband, who is included in her caption as a plaintiff but is not a party to this lawsuit. (*See* Complaint.)

---

[1] Woolwich Baker Drive distinguishes its motion for default as a sanction from a motion for discovery sanctions, characterizing it as a "dispositive motion." Woolwich Baker Drive apparently wishes to retain the ability to file a separate motion for discovery sanctions pursuant to the court's February 8, 2023 order. The court's order cautions Matthew Van Der Wef after his second failure to appear at a conference that further failure to appear for court events would result in his default, and grants Woolwich Baker Drive leave to file a motion for discovery sanctions within 28 days of the resolution of dispositive motions. Woolwich Baker Drive's motion is clearly seeking the entry of default for the Van Der Wefs' misconduct in the discovery process. This is clearly a motion for discovery sanctions. The court treats the so-called "dispositive motion" as a motion for discovery sanctions rather than denying it for failing to comply with M.R. Civ. P. 7(b).

1

## BACKGROUND

Ms. Van Der Wef has not filed an opposition to either of the motions for summary judgment. Pursuant to M.R. Civ. P. 56, all properly supported statements of material fact are therefore deemed admitted.

The property at issue in this case is located at 44 Baker Drive in Woolwich, Maine. (Dalton Aff. ¶ 6.) As of April 1, 2016, the co-owners of record were Angela Hird Van Der Wef and Craige B. Hird as co-personal representatives of the Estate of Sharon Hird. (Def.'s First Supp.'g S.M.F. ¶ 2.)[2] When a tax bill for the property committed for collection on September 26, 2016 was not paid, the Collector of Taxes for the Town of Woolwich (the "Town") prepared a 30-Day Notice entitled Tax Collector's Notice, Lien Claim and Demand, dated July 14, 2017. (Def.'s First Supp.'g S.M.F. ¶ 3.) The notice stated that unless the taxes then due were paid within 30 days, a tax lien certificate would be recorded. (Def.'s First Supp.'g S.M.F. ¶ 3.) The notice specifically named both Mr. Hird and Ms. Van Der Wef as record owners. (Def.'s First Supp.'g S.M.F. ¶ 3.)

The Town's records software indicates that the 30-Day Notice was printed on July 14, 2017. (Def.'s First Supp.'g S.M.F. ¶ 5.) The Town maintained an archived electronic file of the original unsigned version of the Notice, but not a hard copy, as was its standard practice. (Def.'s First Supp.'g S.M.F. ¶ 6-7.) Ms. Van Der Wef has admitted[3] that the 30-Day Notice was in writing and was either signed by the Town Tax Collector or bore the Tax Collector's facsimile signature and was dated July 17, 2017. (Def.'s First Supp.'g

---

[2] Because the defendants have filed multiple simultaneous motions for summary judgment with separate statements of material fact, rather than a single integrated motion, the court refers to the motion for summary judgment on Ms. Van Der Wef's Complaint as the first motion and the motion for summary judgment on Counterclaim V as the second motion.

[3] Ms. Van Der Wef did not respond to a request for admissions served on her on December 31, 2023. By operation of M.R. Civ. P. 36, those matters are now deemed admitted.

2

S.M.F. ¶ 8.) On or about July 17, 2017, the Town mailed the 30-Day Notice to Mr. Hird and Ms. Van Der Wef via United States Postal Service, certified mail, return receipt requested. (Def.'s First Supp.'g S.M.F. ¶ 9.) The 30-Day Notice was received and signed for by Matthew Van Der Wef in Woolwich and Mr. Hird in Longwood, Florida. (Def.'s First Supp.'g S.M.F. ¶ 10-11.)

The tax bill was still left unpaid. On or about August 15, 2017, the Town of Woolwich filed a tax lien certificate in the Sagadahoc County Registry of Deeds, Book 2017R at Page 05578. (Def.'s First Supp.'g S.M.F. ¶ 13.)

The property was transferred from the Estate of Sharon Hird to Ms. Van Der Wef by deed recorded on June 28, 2017 in the Sagadahoc County Registry of Deeds at Book 2017R, Page 04310. (Def.'s First Supp.'g S.M.F. ¶ 15.) On January 8, 2019, the Town sent a Notice of Impending Automatic Foreclosure, warning that as of February 15, 2019, the Town would foreclose on the tax lien. (Def.'s First Supp.'g S.M.F. ¶ 17.) The Notice specifies that if the tax lien foreclosed, the Town would own the property. (*Id.*)

Ms. Van Der Wef still did not pay the taxes, and the Town acquired title to the Property by operation of law. (Def.'s First Supp.'g S.M.F. ¶ 18.) The Town did not immediately move to remove Ms. Van Der Wef and her husband from the property or sell it. (Def.'s First Supp.'g S.M.F. ¶ 19.) After the tax bills for 2017 and 2018[4] also went unpaid, the Town Select Board voted to demand the total amount of delinquent taxes, or the Property would be sold at auction. (*Id.*) The Town sent Ms. Van Der Wef a letter on March 5, 2019, informing her of the Town's decision and warning her that if payment was not received within 90 days, the Property would be sold at auction. (Def.'s First Supp.'g S.M.F. ¶ 20.)

---

[4] These tax bills are not the basis for the foreclosure, so the court does not discuss them at length.

3

Still, Ms. Van Der Wef did not respond. (Def.'s First Supp.'g S.M.F. ¶ 21.) Consistent with its March 5 letter, the Town solicited bids for the purchase of the property by advertising it in the Brunswick Times Record in October of 2019. (Def.'s First Supp.'g S.M.F. ¶ 22.) Woolwich Baker Drive submitted the winning bid. (Def.'s First Supp.'g S.M.F. ¶ 23.)

On December 16, 2019, the Town signed a municipal quitclaim deed which released to Woolwich Baker Drive all rights to the Property, recorded in the Sagadahoc County Registry of Deeds on December 23, 2019, at Book 2019R, Page 08777. (Def.'s First Supp.'g S.M.F. ¶ 24.)

On or about October 22, 2020, Attorney Matthew Mastrogiacomo, retained by Woolwich Baker Drive, filed a Forcible Entry and Detainer action against Ms. Van Der Wef and Mr. Van Der Wef in the Sagadahoc County District Court. (Def.'s Second Supp.'g S.M.F. ¶ 1.) Neither defendant filed an answer before the return date of November 16, 2020. (Def.'s Second Supp.'g S.M.F. ¶ 4.) The District Court scheduled a mediation session for November 23, 2020, to be held remotely. (Def.'s Second Supp.'g S.M.F. ¶ 5.)

The mediation proceeded as planned on November 23, 2020. (Def.'s Second Supp.'g S.M.F. ¶ 6.) The parties in attendance were Ms. Van Der Wef, Attorney Mastrogiacomo, and C.A. Schmidt, the managing member of Woolwich Baker Drive. (*Id.*) Mr. Van Der Wef did not attend. (Def.'s Second Supp.'g S.M.F. ¶ 7.)

An agreement was reached between all parties at this mediation. (Def.'s Second Supp.'g S.M.F. ¶ 9.) The agreement provides that the Van Der Wefs would vacate the premises on or before April 30, 2021. (Def.'s Second Supp.'g S.M.F. ¶ 10.) As part of the proceedings, the mediator specifically inquired whether Ms. Van Der Wef had the authority to enter into the settlement agreement on behalf of her husband. (Def.'s Second

4

Supp.'g S.M.F. ¶ 11.) Ms. Van Der Wef represented to the mediator that she did have that authority. (*Id.*) The settlement agreement was signed by all parties and submitted to the District Court, which entered judgment in favor of Woolwich Baker Drive and incorporated the provisions of the settlement agreement into the order. (Def.'s Second Supp.'g S.M.F. ¶ 13.)

Ms. Van Der Wef has now filed a quiet title action against Woolwich Baker Drive alleging that the Town's foreclosure on her property was not valid because she did not receive the proper notice. She has also refused to vacate the property, contrary to the terms to the settlement agreement resolving the FED. Woolwich Baker Drive answered and filed the following Counterclaims:

Count I: Fraud

Count II: Deliberate Fraud for Purpose of Deceiving a Creditor

Count III: Fraud

Count IV: Fraudulent Concealment of Evidence

Count V: Breach of Contract

Count VI: Negligent Misrepresentation

Count VII: Unjust Enrichment

Count VIII: Quantum Meruit

Count IX: Quiet Title pursuant to 36 M.R.S. § 946

Count X: Declaratory Judgment

The only Counterclaim substantively before the court is Count V. In addition, Woolwich Baker Drive seeks a judgment of liability as a discovery sanction for Counts I-V.

## STANDARD OF REVIEW

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law."

5

M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). "[A] party's assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

"Pro se litigants are held to the same standards as represented parties." *Dep't of Envtl. Prot. v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295.

## DISCUSSION

There are four motions pending before the court. The court will address them each in turn.

### First Motion for Summary Judgment

Woolwich Baker Drive's first Motion for Summary Judgment seeks an entry of summary judgment on Ms. Van Der Wef's Quiet Title action on the basis that the Town complied with all statutory tax foreclosure requirements. Ms. Van Der Wef's Complaint alleges that she never received notice of the liens and impending foreclosure as required by the statute.

Maine's tax lien statute provides:

> The tax collector may, after the expiration of 8 months and within one year after the date of original commitment of a tax or, in the case of deferred taxes pursuant to chapter 908-A, after the due and payable date established

6

> pursuant to section 6271, subsection 5, give to the person against whom the tax is assessed, or leave at the person's last and usual place of abode, or send by certified mail, return receipt requested, to the person's last known address, a notice in writing signed by the tax collector or bearing the tax collector's facsimile signature, stating the amount of the tax, describing the real estate on which the tax is assessed, alleging that a lien is claimed on the real estate to secure the payment of the tax, and demanding the payment of the tax within 30 days after service or mailing of the notice with $3 for the tax collector for making the demand together with the certified mail, return receipt requested, fee.

36 M.R.S. § 942 (2022). The admitted statements of material fact show that the tax collector sent a 30-Day notice consistent with this provision to the record owners of the Property, who were Mr. Hird and Ms. Van Der Wef as personal representatives of the Estate of Sharon Hird. The record also shows that this notice was signed for by both parties, indicating that it was received.

The Town recorded the tax lien in the Sagadahoc County Registry of Deeds on August 15, 2017. By operation of statute, this created a tax lien mortgage on the Property. 36 M.R.S. § 943 (2022). Filing a tax lien certificate with the registry of deeds is treated as sufficient notice of the tax lien mortgage. *Id.* After 18 months pass from this date, if the taxes still remain unpaid, complete record title is placed in the municipality with no right of redemption. *Id.; Ocwen Fed. Bank v. Gile,* 2001 ME 120, ¶ 18, 777 A.2d 275. The municipality is required to notify the property owner:

> not more than 45 days nor less than 30 days before the foreclosing date of the tax lien mortgage, in writing signed by the treasurer or bearing the treasurer's facsimile signature and left at the holder's last and usual place of abode or sent by certified mail, return receipt requested, to the holder's last known address, of the impending automatic foreclosure and indicating the exact date of foreclosure.

36 M.R.S. § 943. The record shows that the Town sent a Notice of Impending Automatic Foreclosure on January 8, 2019, warning that as of February 15, 2019, the property would be foreclosed. The record does not disclose whether Ms. Van Der Wef actually received this notice, but the Law Court has interpreted the statute to only require that a

7

municipality send the notice and does not require it to confirm that addressee has received it. *Livonia v. Town of Rome*, 707 A.2d 83, 86 (Me. 1998).

On this record, there remain no issues of material fact as to whether the Town satisfied the statutory requirements to foreclose on the Property. Summary judgment should be granted to Woolwich Baker Drive on Ms. Van Der Wef's quiet title claim.

Second Motion for Partial Summary Judgment

Woolwich Baker Drive's second Motion for Partial Summary Judgment seeks entry of judgment against Ms. Van Der Wef on Countclaim V, which alleges a claim for breach of contract. This claim is based on Ms. Van Der Wef refusing to vacate the Property by the date agreed to in the settlement agreement which resolved the related FED matter.

There is no meaningful dispute that the settlement agreement resolving the FED matter was a valid contract. Further, the record is clear that Ms. Van Der Wef has breached the express terms of that settlement agreement by refusing to vacate the premises by the agreed upon date. Ms. Van Der Wef, though she has not responded to any of these motions, has apparently taken the position that the settlement agreement is not binding because she did not have the authority to bind her husband.

Ms. Van Der Wef's authority to bind her husband is irrelevant. Mr. Van Der Wef does not have and has never had any title interest in the property, so any disputes involving title do not involve his interests. Even if Mr. Van Der Wef had an interest in this litigation, Ms. Van Der Wef resolved the FED proceeding by representing to the mediator, and by extension the District Court, that she had authority to bind her husband. To allow her to take the opposite position in this case would violate the principle of judicial estoppel.

8

Judicial estoppel, generally speaking, is a doctrine that prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in a later phase. *Lovell v. Lovell*, 2020 ME 139, ¶ 5, 243 A.3d 887. The doctrine usually applies when:

> (1) the position asserted in the subsequent legal action [is] clearly inconsistent with a previous position asserted;
>
> (2) the party in the previous action [has] successfully convinced the court to accept the inconsistent position; and
>
> (3) the party [has] gain[ed] an unfair advantage as a result of [his or her] change of position in the subsequent action.

*In re Child of Nicholas P.*, 2019 ME 152, ¶16, 218 A.3d 247. While the FED proceeding is arguably a different "case," the issues here are intermingled enough, and procedural history entangled enough, that this case and the FED proceeding can be considered one for the purposes of judicial estoppel. This quiet title action arose out of an attempt by Ms. Van Der Wef to set aside the judgment incorporating the settlement agreement she agreed to in the underlying FED proceeding. Most importantly, allowing a party to take inconsistent positions in this proceeding and the FED proceeding would be manifestly unfair.

Ms. Van Der Wef's position that she could not bind her husband is inconsistent with her representations to the mediator and the District Court. The District Court accepted her prior representation by incorporating the terms of the settlement agreement into its order. Ms. Van Der Wef benefitted from the terms of the settlement agreement until the point she was required to vacate the premises, at which point she changed her position and contested its validity. This is an unfair advantage. Judicial estoppel bars Ms. Van Der Wef from now asserting that she could not bind her husband.

9

To summarize, there is no meaningful dispute that the settlement agreement is valid and that Ms. Van Der Wef violated its terms. As the court has granted Summary Judgment on the Quiet Title action, Ms. Van Der Wef has no claim of title justifying her refusal to vacate the premises. Summary judgment will also be granted on Counterclaim V.

Sanctions

Woolwich Baker Drive's third motion, titled "Motion to Render Judgment for Defendant on Plaintiff's Title Claims and a Default as to Plaintiff's Liability on All Remaining Counterclaims Seeking Monetary Damages Pursuant to the Inherent Authority of the Court as an Appropriate Sanction," is substantively a motion for a discovery sanction of default. It outlines a detailed history of Ms. Van Der Wef and Mr. Van Der Wef's failures to answer interrogatories, failures to appear at depositions, misrepresentations to the court, failures to produce documents, and failure to produce any witness or exhibit list. The court is well aware of this pattern of misconduct throughout the discovery process.

M.R. Civ. P. 37(b)(2) provides for sanctions if a party refuses to abide by discovery orders, up to and including an entry of default. "A trial court has broad discretion to choose the appropriate sanction." *Employee Staffing of Am. v. Travelers Ins. Co.*, 674 A.2d 506, 508 (Me. 1996). However, the entry of a default as a discovery sanction has constitutional implications and is not to be imposed lightly. *Id.* When determining an appropriate sanction, the court should consider "(1) the purpose of the specific rule at issue; (2) the party's conduct throughout the proceedings; (3) the party's basis for its failure to comply; (4) prejudice to other parties; and (5) the need for the orderly administration of justice." *Estate of Hoch v. Stifel*, 2011 ME 24, ¶ 33, 16 A.3d 137. The court should also consider the purpose of sanctions, "including penalizing the noncompliant

10

party and deterring similar conduct." *Id.* "The trial court need not find willfulness, bad faith, or fault in order to justify a sanction such as dismissal." *Id.* (quotation omitted).

Ms. Van Der Wef's conduct in this proceeding has violated multiple rules. Most importantly, however, she has engaged in a persistent pattern of conduct designed to avoid complying with her discovery obligations, including failing to appear at conferences without even attempting to notify the court. Ms. Van Der Wef has mostly declined to explain her conduct, and when she has offered explanations she has sometimes been dishonest with the court. One notable example is when Mr. and Ms. Van Der Wef represented to the court on September 22, 2022, that Mr. Van Der Wef was unable to make himself available for a deposition for the rest of the year for a deposition because his work did not allow unpaid time off and he was out of paid time off, but subpoenaed records from his workplace revealed that he took a day off from work six days later, on September 28, 2022. Ms. Van Der Wef's conduct in this proceeding has prejudiced Woolwich Baker Drive's ability to gather evidence relevant to its defense and has undermined the orderly administration of justice.

Ms. Van Der Wef's conduct warrants a substantial sanction, though the court is not convinced that an entry of default on several claims for money damages would be appropriate. A more appropriate sanction, in the court's view, is to preclude Ms. Van Der Wef from calling any witness other than herself[5] and forbidding her from relying on any evidence not already produced.

---

[5] There is some confusion on Ms. Van Der Wef's side as to whether her husband is a party to this case. He was not a plaintiff at the beginning of the lawsuit, and no motion to amend to add him was ever made. Especially considering his efforts to evade being deposed, the court includes him in the sanction and forbids Ms. Van Der Wef from calling him at trial.

11

Motion for Final Hearing

The Van Der Wef's motion for a final hearing does not comply with the rules of procedure. In essence, the Van Der Wefs state that they believe they have done all they need to do and that this case should be set for a hearing so it can be over with. To the extent that there will be a bench trial in this case, the motion is moot. The matter will be set for trial regarding the unresolved Counterclaims in due course.


It is hereby ORDERED:


Defendant Woolwich Baker Drive, LLC's Motion for Summary Judgment as to plaintiff Angela Van Der Wef's Quiet Title action is GRANTED.

Defendant Woolwich Baker Drive, LLC's Motion for Summary Judgment as to liability on Count V of its Counterclaim is GRANTED.

Defendant Woolwich Baker Drive, LLC's Motion for Sanctions is GRANTED IN PART. The Court sanctions plaintiff Angela Van Der Wef for her misconduct in the discovery process by forbidding her from calling any witnesses at trial other than herself, or introducing any evidence not already produced. This sanction includes calling her husband as a witness.

The matter will be set for trial in due course. A writ of possession in the underlying Forcible Entry and Detainer action may issue forthwith.


DATED: May 26, 2023

Daniel I. Billings, Justice
Maine Superior Court

12